Sanctis *v.* Lagerbusch et ux., Appellants.

Argued November 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Allen S. Gordon,* for appellants.

*J. Lee Miller,* with him *Harvey A. Miller, Jr.,* and *Miller & Miller,* for appellees.

OPINION BY WATKINS, J., December 12, 1968:

This is an appeal by Robert Lagerbusch and Sally I. Lagerbusch, his wife, the appellants, from an order of the Court of Common Pleas of Allegheny County refusing the petition of the appellants for a rule to show cause why a judgment by confession in favor of Mr. and Mrs. Edward J. Sanctis, the appellees, and against the appellants, should not be opened.

The petition was in the alternative to either strike or open and for the purposes of this opinion it will be treated as a petition for a rule to open. It is, therefore, an equitable proceeding. The pertinent portions of the petition are as follows:

"1. On June 7, 1965, the plaintiffs confessed judgment against the defendants in the amount of $3,795.00 on judgment note dated September 12, 1964 at the above number and term, which comprised the sums of $3,450.00, the amount of the note, and $345.00 for 10% attorney's commissions.

"5. On September 12, 1964, the defendants purchased from the plaintiffs furniture situate on the premises at 1350 Steuben Street, Pittsburgh, Allegheny County, Pennsylvania, for the sum of $4,950.00 and the defendants paid the plaintiffs the sum of $1,500.00 on account thereof leaving a balance due of $3,450.00, which furniture is set forth in Exhibit 'A' attached hereto and made part hereof.

"6. In consideration for the purchase of the aforesaid furniture by the defendants from the plaintiffs

and in consideration of the execution of the aforesaid judgment note for the payment of the aforesaid balance of $3,450.00, the plaintiffs agreed to remove back fill from the basement, shore up the balance of the basement, lay concrete floor and place paneling on the walls on the premises situate at 1350 Steuben Street.

"7. On May 18, 1964, the defendants purchased from the plaintiffs the real estate situate at 1350 Steuben Street under Agreement of Sale for $40,000.00. As part of the total transaction, the defendants purchased the aforesaid furniture on September 12, 1964 and the plaintiffs agreed to do the work as aforesaid.

"8. The real estate transaction was closed on September 25, 1964 and the plaintiffs remained in possession of the aforesaid real estate from the date of settlement, September 25, 1964, to the date of delivery of possession to the defendants on November 20, 1964.

"9. The fair and reasonable rental value for the premises occupied by the plaintiffs, including the use of the furniture purchased by the defendants from the plaintiffs, was $300.00 per month or $600.00 for the above period, which sum of money the plaintiffs owe to the defendants.

"10. The plaintiffs also collected as agents for the defendants rent for the period from September 25, 1964 to November 20, 1964 for an apartment in the within described premises in the amount of $290.00 which sum of money the plaintiffs owe to the defendants.

"11. At the time of delivery of possession of the premises to the defendants, the plaintiffs failed to deliver to the defendants possession of the following furniture which was purchased by the defendants:

Den:
    Typewriter desk $25.00, Corner Table $50.00, Picture $10.00, Light $25.00.

Living Room:
    Lamp $75.00.

Bedroom:
    Portable TV $125.00, Rug $100.00
Bedroom:
    Color TV $450.00, Chairs $50.00, Picture $10.00
Miscellaneous Items:
    Work bench bolted to garage wall $250.00, Clothes line apparatus attached to house $25.00, 3 Evergreens on front lawn $75.00
The amount listed after each item of furniture above is the fair and reasonable market value of the aforesaid items making a total of $1,270.00 which the plaintiffs owe to the defendants for failure to deliver possession thereof to the defendants.

"12. The fair and reasonable market value for the aforesaid work which the plaintiffs agreed to do for the defendants is $2,500.00."

The petition avers a meritorious defense in the nature of failure of consideration, setoff and counterclaim. The petition was presented to Judge ROBERT VAN DER VOORT in the presence of counsel for the appellees on October 30, 1967. The judgment was entered by confession on June 7, 1965. The court below dismissed the petition summarily, although no answer had been filed, after oral discussion.

We believe that the court below abused its discretion in refusing to grant the rule. "To open a judgment, the petitioner must aver a valid defense and also establish the existence of equitable considerations which impress the court with the need for relief: (Citing cases) . . . . Additionally, the meritorious defense must be set forth in specific and clear terms in the petition:" (Citing cases). *Liberty N. B. of Pittston v. Degillio,* 406 Pa. 127, 129, 176 A. 2d 446 (1962). In the instant case the petition contains clear and concise allegations, unanswered, of failure of consideration, setoff and counterclaim. ". . . when no answer has

been filed to a petition for a rule to open a judgment entered by default, the court is required to consider as admitted the facts averred in the petition, but whether the petitioner is entitled to the relief he seeks upon the facts thus established is still a question for the decision of the court." 20 P.L.E., §112, page 241.

The facts set forth in this petition, if admitted by reason of failure to answer, are sufficient to show clearly that the appellants have meritorious defenses and the refusal to grant the rule so that a hearing could be held thereon is an abuse of discretion.

In the lower court's opinion matters are recited that came to the court's attention from oral statements made by counsel for the appellees at the time of the presentation of the petition. They include that since September 29, 1966, the appellants have made conveyances of their real estate to the mother of one of the appellants and others; that the appellants executed an agreement of sale to convey one of their properties; that certain actions were taken in the United States District Court against the appellants under the False Claims Act and that there was pending a charge of fraudulent conversion against the appellants in the criminal courts of Allegheny County. If these matters were relevant under the "clean hands" doctrine this is hardly a proper method of proof.

The appellants were not exemplary citizens and we are sympathetic to the court's evident intent to prevent such people from taking advantage of judgment creditors. But the matters complained of were collateral to the issues in the instant appeal and if at all material could have been made a matter of proof at the hearing on the rule.

The court below erred in pointing out that the grant of the rule would affect the lien of the appellees' judgment or the lien of the prior levies. Even

after a hearing on the rule where the judgment is opened and the appellants permitted to defend, the judgment is still a lien and the lien of a levy previously made on an execution outstanding is also retained. *Markofski v. Yanks*, 297 Pa. 74, 146 A. 569 (1929). In this case the Supreme Court said at page 78: "This was an incomplete interlocutory order made in an equitable proceeding and left the whole matter open for the further action of the court." The court also indicated that the fact that judgment had stood for a period of two years constituted laches. "There is no time limit on the exercise of the power of a court to open a judgment by confession." *Windber Trust Co. v. Evans*, 192 Pa. Superior Ct. 417, 421, 161 A. 2d 664 (1960). "In Kine v. Forman, 404 Pa. 301 (304), 172 A. 2d 164 (1961), the court states the important dictum, 'Though the rules of civil procedure with respect to petition and answer make no provision regarding the allegation of new matter, it is logical to assume that the rules pertaining to assumpsit actions would equally apply to petition and answer procedure.'" Goodrich-Amram Procedural Rules Service, 1968 Supp. Binder 1, page 30.

Under Rule 1030 of the Pennsylvania Rules of Civil Procedure, laches is an affirmative defense which must be set forth in a responsive pleading under the heading of "New Matter". "If the plaintiff wishes to raise the question of laches as a defense to a petition to open a judgment he should do so by filing an answer." 2 Anderson Pa. Civil Practice, page 83. In *First Pennsylvania B. & T. Co. v. Kritzberger*, 32 Pa. D. & C. (2d) 610 (1963), which cited *Kine v. Forman*, supra, the Court of Common Pleas of Bucks County held that an affirmative defense to a petition to open judgment should have been pleaded in compliance with Pennsylvania Rule of Civil Procedure 1030 under the heading of "New Matter".

The order of the Court of Common Pleas of Allegheny County is reversed and it is directed that a rule issue to show cause why the default judgment should not be opened.