## Federal National Mortgage Association, Appellant, *v.* Guy Heavener, Inc., Appellee.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John D. Trainer,* with him *William M. Power,* for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, November 20, 1974:

The issue in this case is whether a mortgagee which has bought in the mortgaged property for its record costs at sheriff's sale on a judgment obtained in an action of mortgage foreclosure is entitled to payment from a fund produced in eminent domain proceedings of money owed on the mortgage in excess of the amount produced by a subsequent private sale of the property where (a) the condemnation of a part of the mortgaged property preceded the execution sale, (b) the mortgagee did not obtain a deficiency judgment, and (c) the fund produced by the condemnation remained undistributed until a time after the mortgagee's right to obtain a deficiency judgment had expired. We hold that it may not.

The sequence of events here was as follows:

February 10, 1972—the appellant, Federal National Mortgage Association, filed its complaint in mortgage foreclosure.

March 22, 1972—the appellant took judgment by default in the mortgage foreclosure action.

Eo die—the Commonwealth of Pennsylvania filed a declaration of taking of an easement over a portion of the mortgage premises.

June 9, 1972—the appellant purchased the mortgaged property at execution sale for its record costs.

October 20, 1972—the Commonwealth by allowance of Court deposited $3000 estimated just compensation in court.

November 28, 1972—the appellant filed a petition for rule to show cause why the estimated just compensation should not be distributed to it.

December 10, 1972—last date on which appellant might have filed a petition to fix the value of the real estate under the "Deficiency Judgment Act," Act of July 16, 1941, P. L. 400, §7, 12 P.S. §2621.7.

November 7, 1973—the court below discharged the appellant's rule and dismissed its petition for distribution to it of the estimated just compensation.

The court below properly held that the appellant was not entitled to share in the fund raised in the eminent domain proceeding. Section 7 of the Act of July 16, 1941, P. L. 400, 12 P.S. §2621.7, provides that if no petition to fix the value of the property bought in by the execution creditor is filed within six months from the sale "the debtor, obligor, guarantor and any other person liable directly or indirectly to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs." Hence, the mortgagors' liability here was released and discharged as of December 10, 1972, six months following the execution sale on June 9, 1972.

The contention that the Act does not apply to executions upon judgments taken in foreclosure of the mortgages, as distinguished from judgments taken on bonds, was decided against them in *Reading Trust Company*

*v. Campbell,* 159 Pa. Superior Ct. 197, 48 A. 2d 72 (1946). *See also Hoffman Lumber Company v. Mitchell,* 170 Pa. Superior Ct. 326, 85 A. 2d 664 (1952).

The appellant further contends that Section 521 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, §521, *as amended,* 26 P.S. §1-521 (Supp. 1974-1975), providing that distribution of money paid into court in eminent domain proceedings shall be distributed to lienholders "as of the date of the filing of the declaration of taking" accords it the right to distribution regardless of the later discharge of the debt by operation of the "Deficiency Judgment Act." This argument is clearly unacceptable. The Act creates "an irrebuttable presumption that the creditor was paid in full in kind." *McGrath Estate,* 159 Pa. Superior Ct. 78, 80, 46 A. 2d 735, 736 (1946). To construe Section 521 of the Eminent Domain Code as providing payment to a lienholder whose debt has been irrebuttably presumed to have been paid in full in kind would be as unsound as it would be to declare that it provides for distribution to a lienholder who has been paid in full in cash.

Order affirmed.