488 A.2d 608

The VALLEY TRUST COMPANY OF PALMYRA, PA., Appellant,

v.

William LAPITSKY and Jacquelynne M. Lapitsky, Appellees.

Superior Court of Pennsylvania.

Argued Aug. 14, 1984.

Filed Jan. 25, 1985.

able under Rule 6013 without consideration of this additional time period, I express no opinion in this regard.

George E. Christianson, Lebanon, for appellant.

C. Grainger Bowman, Harrisburg, for appellees.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in striking a default judgment entered against appellees. We disagree and, accordingly, affirm.

On March 20, 1980, appellees made, executed, and delivered an "Obligation" bond in the amount of $353,000 payable to appellant. As security for this indebtedness, appellees mortgaged to appellant three separate properties, one each in Lebanon, Dauphin, and Cumberland Counties. Appellees thereafter failed to make payments due on the bond and mortgages, and appellant commenced actions in mortgage foreclosure against the three properties.[1] Appellant then proceeded to execute on the properties in this order: Lebanon, Dauphin, Cumberland.[2] Judgment in the Dauphin County action was entered for $341,233.24 plus interest and

---

1. Appellant avers that "[t]he dates of the filing of the Complaints were, approximately, as follows:

| Lebanon | February 5, 1981 |
| Dauphin | February 9, 1981 |
| Cumberland | February 5, 1981[.]" |

(Appellant's Answer to Appellees' Motion to Stay Sheriff's Sale and Rule to Show Cause at 2). As the record indicates, however, the Cumberland County complaint was filed February 6, 1981.

2. *See* Appellant's Brief at 3; Appellees' Brief at 5.

costs, and appellant purchased the property at a sheriff's sale on July 9, 1981 for $20,116.49.[3]  On March 17, 1982, judgment by default was taken by appellant in Cumberland County in the total amount of $227,969.02 (principal, interest, and attorneys' fees),[4] and a writ of execution was issued on the same day.  On June 9, 1982, appellees filed a motion to stay the sheriff's sale, and a rule was issued against appellant to show cause as to why the sale should not be stayed.  Appellant filed an answer to the motion and rule on June 15.[5]  On June 22, appellees filed a petition to strike and/or open judgment, and a rule was issued the same day.  Appellant filed its answer to that petition on July 26.  Argument was held before the lower court *en banc* on June 8, 1983, and on July 22, the court ordered the Cumberland County judgment struck.  This appeal followed.

"[A] petition to strike a judgment is a common law proceeding and operates as a demurrer to the record and ... will not be granted unless a fatal defect in the judgment appears on the face of the record." *Township of Middletown v. Fried and Gerber, Inc.*, 308 Pa.Superior Ct. 161, 164, 454 A.2d 71, 72 (1982).  "A judgment may be stricken off because it appears upon the face of the record to have been entered in violation of a valid statutory provision."  12 Standard Pa. Practice 2d § 71:181 at 307 (1983) (footnote omitted).  Because appellant has not complied with the

3.  Appellant states that "[a] Writ of Execution issued on the Lebanon property and Sheriff's Sale was held.  Bank became purchaser for costs." (Appellant's Answer to Appellees' Motion to Stay Sheriff's Sale and Rule to Show Cause at 2–3).  Other than this statement, no mention is made in the record of the Lebanon County judgment and amount thereof, the writ of execution on the property situate there, the date of the sheriff's sale, or the consideration which appellant paid for the property.

4.  We agree with the lower court in that we, too, are "unable to determine from the record the reason for the discrepancy between the principal amount of $341,233.34 in [appellant's] original complaint and the principal amount of $134,443.67 [appellant] took in the default judgment." (Lower Court Opinion at 4).

5.  J.F. Feeser, Inc., a lien creditor of the property subject to the sheriff's sale, also filed a motion to stay, and another rule to show cause was issued against appellant.

Deficiency Judgment Act, 42 Pa.C.S.A. § 8103, we hold that the judgment was properly stricken.

The Deficiency Judgment Act provides that:

Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

*Id.* § 8103(a). Additionally,

If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within [six months], the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

*Id.* § 8103(d). "[T]he six month period begins from the date the sheriff's deed is executed and delivered to the successful bidder." *Shrawder v. Quiggle,* 256 Pa.Superior Ct. 303, 308, 389 A.2d 1135, 1137 (1978), *citing Marx Realty and Improvement Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 156 A.2d 827 (1959). Here, it is undisputed that appellant failed to file a petition to fix the fair market value of the Dauphin

County property within six months after the deed was delivered to it on October 5, 1981.

Appellant contends, however, that because the Dauphin County judgment was *in rem* rather than *in personam*, the Act is inapplicable. We begin by noting that, contrary to appellees' assertion, appellant has not obtained a personal judgment against them.[6] We find, however, that the fact that the Dauphin County action was *in rem* does not render compliance with the Act unnecessary. In *National Council of the Junior Order of United American Mechanics of the United States of North America v. Zytnick*, 221 Pa.Superior Ct. 391, 293 A.2d 112 (1972), this Court stated:

> A fair interpretation of the Deficiency Judgment Act, particularly in the light of its obvious purpose, is that its protection is applicable to proceedings to collect the balance due with respect to a judgment, even though the property was sold in an *in rem* proceeding.... *Accordingly, mortgagees who proceed by way of mortgage foreclosure and who have bought the property would be able to recover a deficiency only if they obtained a personal judgment and petitioned in that proceeding to fix the fair value not later than six months after the sale of the property.*

*Id.*, 221 Pa.Superior Ct. at 394, 293 A.2d at 114 (emphasis added); *see also Marine Midland Bank v. Surfbelt, Inc.*, 718 F.2d 611, 618 (3d Cir.1983). Therefore, because appellant failed to obtain a personal judgment on the obligation bond and, in conjunction thereto, file a petition to fix fair value not later than six months from October 5, 1981, the judgment must be stricken. Failure to comply with the Act "creates 'an irrebuttable presumption that the creditor was

6. Not only are appellant's complaints captioned "Mortgage Foreclosure," but the prayers for relief therein are similar to the one in issue in *McDowell National Bank of Sharon v. Stupka*, 310 Pa.Superior Ct. 143, 149 n. 7, 456 A.2d 540, 543 n. 7 (1983), where this court held that the plaintiff had obtained only an *in rem* judgment. *Cf. Kretschman v. Stoll*, 238 Pa.Superior Ct. 51, 352 A.2d 439 (1975), *allocatur refused*, 238 Pa.Superior Ct. xxxvii.

paid in full in kind.' " *Federal National Mortgage Associa-tion v. Guy Heavener, Inc.,* 16 Pa.Commonwealth Ct. 386, 389, 328 A.2d 590, 592 (1974), *quoting McGrath Estate,* 159 Pa.Superior Ct. 78, 80, 46 A.2d 735, 736 (1946).

Appellant also contends that the following lan-guage from *First Pennsylvania Bank N.A. v. Lancaster County Tax Claim Bureau,* 504 Pa. 179, 470 A.2d 938 (1983), compels a different result: "We believe [that] a creditor who has bargained for a specific lien on several parcels should, instead, be able to issue successive execu-tions against the specific parcels until he collects his debt from various parcels of the debtor's real estate." *Id.,* 504 Pa. at 190, 470 A.2d at 944; *contra Union Trust Co. v. Tutino,* 353 Pa. 145, 44 A.2d 556 (1945). However, *First Pennsylvania Bank* is of little precedential value because JUSTICE HUTCHINSON'S application of the Act to that case was joined only by JUSTICE FLAHERTY. JUSTICE ROBERTS concurred in the result, and JUSTICE ZAPPA-LA, joined by the remaining three justices, concurred but specifically noted that he does "not join that part of the majority that discusses the deficiency judgment act issue." *First Pennsylvania Bank, supra,* 504 Pa. at 190, 470 A.2d at 944. We believe that, in light of the purpose that the Act was designed to serve, namely,

> to relieve a debtor of further personal liability to the creditor, if the real property taken by the creditor on an execution has a "fair market value", as of the date of the execution sale, sufficient so that the creditor may dispose of the property to others (or even, sometimes, use it himself) without a net loss to the creditor,

*Cheltenham Federal Savings and Loan Association v. Pocono Sky Enterprises, Inc.,* 305 Pa.Superior Ct. 471, 479, 451 A.2d 744, 748 (1982), the better result is obtained, and the debtor is protected, when compliance with the Act is mandated after the first parcel is sold. We therefore affirm the lower court's order striking the judgment.

Affirmed.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting:

I agree with the majority to the extent that it appears that the judgment in the instant case should not stand. However, I disagree with the majority's finding that the instant case is a proper one for a petition to strike; rather, I believe that the trial court should have addressed appellee's motion to open the judgment.

As the majority noted in its opinion, a petition to strike is a common law proceeding and operates as a demurrer to the record. Such a petition will not be granted unless a fatal defect in the judgment appears on the face of the record and the facts are not controverted. *Conti v. Shapiro, Eisenstat, Capizola, O'Neil, Lisitski and Gabage, PA,* 203 Pa.Super. 301, 439 A.2d 122 (1981). In contradistinction, a motion to open judgment is equitable in nature and addresses itself to irregularities predicated upon matters outside the record. *National Recovery Systems v. Monaghan,* 322 Pa.Super. 183, 469 A.2d 244 (1983). Where the claim is that a judgment should not have been entered for reasons not appearing of record, the proper remedy is not a motion to strike but a motion to open the judgment. *In re Estate of McCauley,* 478 Pa. 83, 385 A.2d 1324 (1978). To open a judgment, a petitioner must aver a valid defense and must establish equitable considerations which impress the court with the need for relief. *Sanctis v. Lagerbusch,* 213 Pa.Super. 483, 249 A.2d 919 (1968).

In the instant case, the resolution of the issue regarding the Deficiency Judgment Act, presented to the court in Cumberland County, turns on matters contained on the docket in Dauphin County. It is necessary to ascertain whether the underlying debt obligation is the same in both instances. We neither have before us a certified copy of the docket from Dauphin County nor do we have Valley Trust's admission that the underlying debt is the same in both cases. The Lapitskys have filed an uncertified copy of the complaint in mortgage execution, which was said to have been filed in Dauphin County, and it would appear from this document that the underlying debt is the same.

For this reason, I believe that the correct procedure would have been for the trial court to grant the Lapitskys' petition to open judgment to allow in evidence of their defense.

I, therefore, would reverse the trial court's granting of the petition to strike and I would remand this case to the lower court for a ruling upon the Lapitskys' petition to open.