527 A.2d 100

**FIRST NATIONAL CONSUMER DISCOUNT COMPANY, Appellee,**

v.

**Clyde F. FETHERMAN, a/k/a Clyde Fetherman and Veronica L. Fetherman, Appellants.**

Supreme Court of Pennsylvania.

Argued April 7, 1987.

Decided May 22, 1987.

Reargument Denied July 27, 1987.

George M. Painter, King of Prussia, for plaintiffs.

Howard M. Holmes, Paul D. Keenan, Philadelphia, for appellee.

Before LARSEN, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellants, Clyde F. Fetherman and Veronica L. Fetherman (Fethermans) appeal from an order of a Superior Court panel (McEwen, Del Sole and Popovich, JJ.) reversing an

award of liquidated damages in the amount of $13,800.00 made by the Court of Common Pleas of Bucks County pursuant to the provisions of the Deficiency Judgment Act, 42 Pa.C.S. § 8104. In this appeal, the appellants raise two issues for our review:

FIRST. Where a judgment creditor (here a mortgagee who foreclosed the mortgage) purchases the debtor's real estate at a sheriff's sale and then fails to proceed within six months of the sale to petition the court to fix the fair market value of the real estate pursuant to 42 Pa.C.S. § 8103, in such a case, is the judgment against the debtor deemed to be fully satisfied as a matter of law, thus entitling the debtor to have the judgment marked satisfied of record?

SECOND. In a case where the judgment creditor is deemed, as a matter of law, to have received satisfaction and that judgment creditor fails, refuses or neglects to mark the judgment satisfied for more than thirty days after receiving written notice from the judgment debtor to do so, is the debtor entitled to liquidated damages pursuant to the provisions of 42 Pa.C.S. § 8104?

In considering the above questions, the Fethermans are debtors and the appellee, First National Consumer Discount Company is a mortgagee-judgment creditor.

### Factual Background

On July 22, 1974, the Fethermans executed a mortgage and note for $31,416.00 as security for a loan. The mortgage created a lien against two separate parcels of real estate owned by the Fethermans. Subsequently, the Fethermans defaulted in payment of the note. Because of the default, appellee, First National Consumer Discount Company, on October 20, 1975, filed a complaint in mortgage foreclosure against Clyde and Veronica Fetherman. On December 3, 1976, a judgment in the sum of $27,600.00 was entered in the foreclosure action in favor of the appellee and against the Fethermans. On the same day a praecipe for a writ of execution as to one of the Fethermans' parcels was filed by the appellee.

The property executed upon by the appellee came up for sale by the sheriff of Bucks County on January 14, 1977. The appellee was the successful bidder for the Fethermans' parcel, purchasing the property for the bid price of $28,500.00.

Following the sale, the sheriff prepared a proposed schedule of distribution of the proceeds. When the schedule was made known, two junior judgment creditors filed exceptions to the proposed distribution. By Order of Court dated August 4, 1978, the exceptions were dismissed and the sheriff was directed to proceed with distribution as proposed. The proceeds of the sale were distributed as follows: $91.52 to Warminister Municipal Authority to pay a water and sewage obligation; $640.24 for costs; $428.00 for state realty transfer taxes; $428.00 for local realty transfer taxes; and the balance of $26,912.24 to the appellee.

On or about September 19, 1978, approximately twenty-one months after the sheriff's sale, the Fethermans, through their counsel, made a written request of the appellee to satisfy the foreclosure judgment on the record. The appellee's attorney responded to this request by a letter dated September 25, 1978. In that letter, appellee's counsel informed the Fethermans' counsel that he had prepared an order to mark the judgment satisfied and was about to file it with the court. A copy of the order ready to be filed was enclosed with the letter. Several months later it came to the attention of the Fethermans that the appellee had taken no action with regard to the judgment in question. The judgment had not been marked satisfied as appellee's counsel represented it would be. The Fethermans made at least two additional written demands on the appellee that the judgment be marked satisfied, each to no avail. The appellee's continued failure to have the judgment marked satisfied moved the Fethermans to initiate court proceedings. The Fethermans petitioned the Bucks County Common Pleas Court to order the judgment marked satisfied pursuant to 42 Pa.C.S. § 8103, and to award them liquidated damages as prescribed by 42 Pa.C.S. § 8104.

At the hearing on appellant's petition there was little dispute as to the facts. The parties presented evidence by way of admissions and exhibits. Upon consideration of the evidence and arguments of counsel, the Common Pleas Court entered an order directing that the judgment against the Fethermans be marked satisfied. The trial court also ordered that a judgment for liquidated damages in the amount of $13,800.00 be entered in favor of the Fethermans. On appeal, the Superior Court affirmed the order that directed that the judgment against the Fethermans be satisfied of record, and reversed the judgment awarding liquidated damages to the Fethermans. Upon the petition of the Fethermans, we granted allocatur.

## I.

The Fethermans argue that, pursuant to the Deficiency Judgment Act, Section 8103 of the Judicial Code, 42 Pa.C.S. § 8103, the judgment against them was satisfied as a matter of law when the appellee failed to petition for a deficiency judgment within six months after the sheriff sale. Sections 8103(a) and 8103(d) of the Judicial Code provide as follows:

### § 8103. Deficiency judgments

(a) **General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

(d) **Action is absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section

5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 8103(a) & (d).

Section 5522 of the Judicial Code, 42 Pa.C.S.A. § 5522 providing for a six months limitation on actions states, in relevant part, as follows:

### § 5522 Six months limitation

(b) Commencement of action required.—The following actions and proceedings must be commenced within six months:

(2) A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor under the provisions of section 8103 (relating to deficiency judgments).

Act of October 5, 1980, P.L. 693, No. 142, § 221(i)(1) as amended December 20, 1982, P.L. 1409, No. 326, Art. II § 201, 42 Pa.C.S.A. § 5522.

The appellee was the purchaser of the secured property sold at sheriff's sale on January 14, 1977. The appellee, in this proceeding, takes the position that the sale price of the property was insufficient to satisfy the amount of the judgment, interest and costs, therefore, the appellee did not receive satisfaction of the judgment. If at the time of the sale the appellee believed that it had not received satisfaction and that a deficiency existed, it had the right,

after the sale, to petition the Common Pleas Court to fix the fair market value of the real estate sold by the sheriff. Once the fair market value was fixed and a deficiency judgment entered in appellee's favor, then appellee could proceed to cause execution to issue against other property of the Fethermans for any balance of the debt due. (42 Pa.C.S. § 8103.) A petition to fix the fair market value of the real estate sold must be brought within six months after the sale. (41 Pa.C.S.A. § 5522.) Failure to present such a petition within the time prescribed by statute, "creates an 'irrebuttable presumption that the creditor was paid in full in kind.'" *Valley Trust Co. of Palmyra v. Lapitsky*, 339 Pa.Super. 177, 488 A.2d 608 (1985) citing, *Federal National Mortgage Association v. Guy Heavener, Inc.*, 16 Pa. Cmwlth. 386, 389, 328 A.2d 590, 592 (1974), quoting *McGrath Estate*, 159 Pa.Super. 78, 80, 46 A.2d 735, 736 (1946). Additionally, if no petition is filed by the judgment-creditor-purchaser within the six months statutory time period, the judgment-debtor, and certain other interested parties mentioned in the statute, may file a petition to have the court order the judgment marked satisfied. (42 Pa.C.S. § 8103(d).)

■ In this case there is no dispute that the appellee did not proceed pursuant to 42 Pa.C.S. § 8103 and, within six months of the sale, bring a petition to fix the fair market value of the real estate sold by the sheriff. In accordance with the provisions of the Deficiency Judgment Act, we hold that as a consequence of appellee's failure to proceed with a timely petition for a deficiency judgment, the appellee is deemed to have received full satisfaction and the Fethermans are entitled to have the judgment marked satisfied.

## II.

■ Marking the judgment satisfied on the record because of the appellee's failure to petition for a deficiency judgment within six months after the sale, leads directly to the next question raised in this appeal: whether under

these circumstances, the appellee may be held liable for liquidated damages pursuant to Section 8104 of the Judicial Code. (42 Pa.C.S. § 8104.) The Fethermans argue that the Superior Court erred in reversing the trial court's award of damages pursuant to 42 Pa.C.S. § 8104. The Fethermans contend that the undisputed facts establish that the appellee failed to petition for a deficiency judgment within six months of the sale and therefore, it is presumed that appellee received payment in full in kind. *Valley Trust Co. of Palmyra v. Lapitsky, supra.* The Fethermans argue that since the appellee did not petition to fix the fair market value of the property within six months of the sale as prescribed by statute, no inquiry concerning the value of the property can properly be made at this time. We agree.

Section 8104 of the Judicial Code provides:

**§ 8104. Duty of judgment creditor to enter satisfaction**

(a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 8104.

 The Superior Court, quoting the case of *Busy Beaver Building Centers, Inc. v. Tueche*, 295 Pa.Super 504, 442 A.2d 252 (1981) said: " '[E]ntitlement to damages is dependent upon receipt of satisfaction by the judgment creditor, which in turn requires *payment in full* of the underlying debt instrument.' " [1] (Citation omitted) (Emphasis in original.) The Superior Court went on to say that the Fethermans had "failed to pay in full the underlying debt instrument" and, therefore, the appellee could not be held liable to the Fethermans for liquidated damages.[2] There is no explanation in the Superior Court opinion as to how the panel reached this conclusion. Based upon the entire record, we can only surmise that the Superior Court made this determination by comparing the amount of the judgment in favor of appellee—$27,600.00, with the amount of the proceeds distributed to appellee by the sheriff—$26,912.29. This, however, is precisely the kind of case to which the Deficiency Judgment Act was intended to apply. The Act applies whenever real property has been sold in execution for a sum less than the amount of the judgment, interest and costs. *See Union Trust Company of New Castle Guardian v. Tutina*, 353 Pa. 145, 44 A.2d 556 (1945) (construing the Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 P.S. 2621.1, et seq. predecessor to Section 8103 et seq. of the Judicial Code, 42 Pa.C.S. § 8103, et seq.). Regardless of how the calculation was made, we conclude that the Superior Court erred in finding that the appellee had not received full satisfaction of the underlying debt. According to the Deficiency Judgment Act, the procedure to establish that the judgment creditor did not receive full satisfaction in purchasing the debtor's real estate is by a petition to fix the fair market value of the property. The appellee did not follow the statutory procedure in this case. The failure to proceed with such a timely petition establishes that the appellee was satisfied in full in kind.

**1.** *First National Consumer Discount Co. v. Fetherman*, 338 Pa.Super. 323, 487 A.2d 987 (1985).

**2.** *Id.*

The erroneous conclusion reached by the Superior Court has the effect of extending indefinitely the six months limitation where a judgment creditor, who failed to petition for a deficiency, seeks to avoid liquidated damages under Section 8104. Even though, under Section 8103, the judgment creditor is deemed to have been satisfied in full if he fails to petition for a deficiency judgment within six months after the sale, the Superior Court, nevertheless, would permit such creditor to defend a claim for liquidated damages under Section 8104 by urging a deficiency. This would tend to negate the purposes of the Deficiency Judgment Act, which was enacted to remedy an inequity resulting to judgment debtors when the judgment creditor bought the debtor's property at a forced sale. Prior to adoption of the Act, a judgment creditor could purchase, at sheriff's sale, valuable real estate of the debtor for a nominal sum, (i.e. costs and taxes), and yet retain the full amount of his judgment. *Philip Green & Son, Inc. v. Kimwyd, Inc.*, 410 Pa. 202, 205, 189 A.2d 231, 232–233 (1963). The debtor was to be credited only for the actual sum realized at the sale. *Ochiuto v. Prudential Insurance Company of America*, 356 Pa. 382, 52 A.2d 228 (1947). Under the Deficiency Judgment Act, the creditor's judgment is to be reduced by the fair market value of the property bought by the creditor rather than by the sale price. (42 Pa.C.S. § 8103(c).)[3] If no petition to fix the fair market value of the property is timely brought by the creditor, the judgment in favor of the creditor is satisfied, released and discharged as a matter of law. (42 P.S.C.S. § 8103(d).) In this case, in spite of the provisions of the Deficiency Judgment Act, the Superior Court decided that the appellee's purchase of the property at the sheriff's sale did not satisfy appellee's judgment for purposes of liquidated damages under Section 8104, even though that court did not have the benefit of evidence of

---

**3.** Section 8103, et seq. of the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 8103, et seq. is a substantial renactment of the Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 P.S. § 2621.1, et seq.

the fair market value of the real estate, and the time within which to establish fair market value had long since expired.

We hold that where a judgment creditor purchases the debtor's real estate at a sheriff's sale and then fails to petition to fix the fair market value of that real estate within the statutory time limitation, the judgment creditor is deemed to have received full satisfaction in kind of the underlying debt obligation. Further, at the written request of the judgment debtor and the tender of the fee for satisfaction, the judgment creditor has the duty to have the judgment marked satisfied of record. Where the judgment creditor fails to do so for more than thirty days after receiving such written notice, the judgment creditor is liable for liquidated damages pursuant to Section 8104(b). In a proceeding to recover liquidated damages, the judgment creditor will not be heard to say that he did not receive full satisfaction.

In this case the appellee judgment creditor purchased the Fethermans' real estate at the sheriff's sale. The appellee did not bring a petition to fix the fair market value of the real estate within six months after the sheriff's sale. Thus, the appellee is deemed to have been satisfied in full in kind and will not be heard to say it did not receive full satisfaction. Subsequently, the appellee received a written request to satisfy the judgment on the record. The appellee's written response informing the Fethermans that an order to mark the judgment satisfied was being filed, waived the lack of tender of the filing fee. Thereafter, the appellee, for more than thirty days, failed to have the judgment marked satisfied. As a consequence, the appellee is liable for liquidated damages pursuant to the provision of Section 8104(b).

The appellee argues that the liquidated damages provision of Section 8104 does not apply in a mortgage foreclosure action because the judgment in such case is *in rem* as opposed to *in personam*, and once a sale of the property takes place, the judgment is rendered defunct. As

the Superior Court noted in *Valley Trust Co. of Palmyra v. Lapitsky, supra.,* the fact that a foreclosure action is *in rem* "does not render compliance with the [Deficiency Judgment Act] unnecessary." (Citation omitted) The Act applies with equal force to actions *in rem* as well as action *in personam.*

The order of the Superior Court affirming the order of the Bucks County Common Pleas Court requiring that the judgment against the Fethermans be marked satisfied is affirmed. The order of the Superior Court reversing the order of the Bucks County Common Pleas Court that awarded liquidated damages to the Fethermans is reversed and the Bucks County Common Pleas Court order is reinstated.

NIX, C.J., and FLAHERTY, J., did not participate in the consideration or decision of this case.