**PHENIX FEDERAL SAVINGS & LOAN ASSOCIATION, F.A., Appellee,**

**v.**

**TICZON et al., Appellants.**

[Cite as *Phenix Fed. S. & L. Loan Assn., F.A.*
*v. Ticzon* (1990), 68 Ohio App.3d 268.]

Court of Appeals of Ohio,
Summit County.

Nos. 14329, 14330 and 14395 to 14398.

Decided June 27, 1990.

*Patrick J. Keating* and *Scott Allbery,* for appellee.

*Thomas W. Lally,* for appellants.

BAIRD, Judge.

This cause comes before the court upon the appeal of Aristotle Maragas from six judgments rendered in the Summit County Court of Common Pleas denying his motions to vacate and set aside foreign judgments entered against him in the Pennsylvania courts. As all six of these judgments involve the same facts and issues, they have been consolidated for appeal.

Phenix Federal Savings & Loan Association ("Phenix") obtained judgments in Pennsylvania against Maragas and other defendants due to their default on loans for a condominium project. Phenix filed notices of foreign judgments against Maragas in the Summit County Court of Common Pleas on August 28, 1989, pursuant to R.C. 2329.022. Phenix foreclosed the mortgages on the condominium units, and then purchased the properties at an execution sale on September 11, 1989. On October 11, 1989, Phenix filed a petition in the common pleas court in Allegheny County, Pennsylvania, to fix the fair market value of the property bought at the execution sale, pursuant to Pennsylvania's Deficiency Judgment Act, 42 Pa.C.S.A. Section 8103, which reads in part:

"(a) General rule. Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered."

To date, the Pennsylvania court has not ruled on this petition. On October 26, 1989, Maragas filed his motion to vacate and set aside the foreign judgments against him, alleging, *inter alia,* that there was failure of valid notice, that venue was improper in Summit County, and that the Pennsylvania judgments were not yet final, enforceable judgments by reason of the pending proceedings in Pennsylvania. The courts below denied Maragas's motions, and ordered execution of the judgments in their full amounts.

Appellant claims in his first assignment of error that the courts below lacked jurisdiction because of failure of proper service. The record shows that Phenix properly followed the notice procedure prescribed in R.C. 2329.-023, and we therefore find no merit in this contention.

Next, appellant contends that venue was improper in Summit County. There is insufficient evidence in the record upon which to determine whether the courts below properly determined venue. In the absence of all relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.

In his third assignment of error, appellant claims that the trial courts erred in giving full faith and credit to the Pennsylvania judgments because they were not yet final judgments due to the pending petition. This contention is without merit. The action to fix the fair market value pursuant to 42 Pa.C.S.A. 8103 does not modify or otherwise affect the validity or finality of the original judgment. Rather, it is a "supplementary proceeding" to the original action for purposes of determining the extent to which a judgment has been satisfied.

The purpose of the Deficiency Judgment Act is to relieve the debtor of further personal liability to the creditor if real property taken by the creditor has a fair market value sufficient to allow the creditor to use or dispose of the property without a net loss. *Valley Trust Co. of Palmyra v. Lapitsky* (1985), 339 Pa.Super. 177, 183–184, 488 A.2d 608, 612. It is only after the fair market value has been determined and a deficiency judgment entered that a judgment

creditor may proceed to execute against other property of the debtor for the balance due. 42 Pa.C.S.A. 8103(c)(4); *First Natl. Consumer Discount Co. v. Fetherman* (1987), 515 Pa. 85, 91–93, 527 A.2d 100, 103.

It is on this ground that we find error in the rulings by the trial courts below.[1] It is well established that the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, obliges states only to accord the same force to a foreign judgment as would be accorded by the courts of the state in which the judgment was entered. *Thompson v. Thompson* (1988), 484 U.S. 174, 180, 108 S.Ct. 513, 516, 98 L.Ed.2d 512, 520. As no further enforcement of the judgments against Maragas can be had in Pennsylvania until the determination of the fair market value of the property acquired by Phenix, no enforcement of these judgments can be had in Ohio until such proceeding is concluded.

The trial courts erred in ignoring the effect of the pending proceeding in the Pennsylvania court, and in disregarding the requirements of R.C. 2329.024(B), which reads in part:

"If the judgment debtor shows the court of common pleas any ground upon which enforcement of a judgment of a court of common pleas would be stayed, the court shall, upon requiring the same security for satisfaction of the judgment that is required in this state, stay enforcement of a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code for an appropriate period."

The judgments denying relief to Maragas are vacated, and the causes are remanded for further proceedings, with instructions to enter stays of enforcement of the foreign judgments until the Pennsylvania court has determined Maragas's remaining liability, if any.

*Judgment accordingly.*

REECE, P.J., and QUILLIN, J., concur.

---

1. Though he makes a rather nonspecific argument as to the unfairness of judgments for the full amounts when at least partial satisfaction would have resulted from the execution sales, Maragas's affidavits did not set forth any figures upon which the trial courts could be expected to fashion whatever Civ.R. 60(B) relief might otherwise be available in such circumstances.