In re Eleanor C.K. SMITH, Debtor.

INTEGRA BANK, successor to Landmark Savings Association, Plaintiff,

v.

Gerhard J. SIXTA and Eleanor C.K. Smith, Defendants.

Bankruptcy No. 94–21832JLC. Adv. No. 95–2183.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 8, 1996.

Scott R. Calkins, Orlando R. Sodini, Thompson, Calkins & Sutter, Pittsburgh, PA, for Integra Bank.

Eleanor C.K. Smith, Pittsburgh, PA, pro se.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

The matters before the court are Debtor Eleanor C.K. Smith's Petitions for Rule to Show Cause Why an Order to Mark Judgment Satisfied and Awarding Liquidated

Damages Should Not be Entered. For the reasons expressed below, the requests shall be denied.

*Facts*

The facts surrounding this matter and this debtor relate back a number of years. While not all of the facts concerning the historical background have been presented by the debtor or plaintiff in their papers in connection with this particular matter, the court takes judicial notice of them and outlines them below to the extent that they impact the court's determination of the matter.

On or about June 28, 1988 Integra Bank, as successor to Landmark Savings Association, entered two judgments against Eleanor C.K. Smith ("Smith") at GD Nos. 88–5376 and 88–5378 in the amounts of $16,617.88 and $21,410.38. The judgments were entered by default in mortgage foreclosure actions concerning property located at 127 N. Linden Avenue and 6806 Thomas Boulevard, Pittsburgh, PA. On September 30, 1988, Smith filed a Chapter 13 petition at Case No. 88–2626. The case was dismissed on December 13, 1989. Smith then filed a Chapter 11 case on August 3, 1990 at Case No. 90–22361. Smith remained in Chapter 11 until June 9, 1993 when her case was dismissed.

Shortly after the dismissal of that case, on June 24, 1993, Integra filed Praecipes for Writs of Execution in the Court of Common Pleas. A sheriff's sale of the properties was conducted on or about September 13, 1993 and on October 22, 1993 the deeds were executed and delivered to Integra. On December 6, 1993, Smith filed another Chapter 11 case at Case No. 93–24269. On February 14, 1994, that case was dismissed for failure to timely file required documents. Smith appealed that order on February 25, 1994. That appeal was pending when Smith filed an emergency motion for reinstatement of the automatic stay. The motion was denied on June 6, 1994 and Smith filed the present case, Case No. 94–21382, that same day.

On August 18, 1994, Smith requested that Integra mark the judgments satisfied and tendered the requisite satisfaction fees with her written request. Integra marked the judgments as satisfied on November 1, 1994.

Integra did not seek to obtain a deficiency judgment pursuant to 42 Pa.C.S.A. § 8103.

On May 1, 1995, Smith then filed as a supplementary proceedings to the judgments in the Court of Common Pleas, Petitions for Rule to Show Cause Why an Order to Mark Judgment Satisfied and Award Liquidated Damages Should Not Be Entered. The Common Pleas Court motions judge granted Smith's Petition for Rule to Show Cause on May 17, 1995. Thereafter, Integra removed the actions to the bankruptcy court where the actions were consolidated at the above adversary number.

*Analysis*

In her petition, Smith seeks, *inter alia,* to have a judgment entered against Integra pursuant to 42 Pa.C.S.A. § 8104. Section 8104 provides as follows:

(a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of the satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

Smith argues that because Integra did not satisfy the judgments within 30 days of her written request, she is entitled to liquidated damages of 1% of the judgment amounts for each of the additional 43 days that passed beyond the proscribed thirty days. Specifically, Smith contends she is entitled to the amounts of $7,145.69 for the judgment en-

tered at GD88–5376 and $9,206.46 for the judgment entered at GD88–5378.[1]

Integra argues that the state statute was not intended to protect Chapter 11 debtors. It contends that the purpose of the statute is to protect a debtor who has extinguished the debt so that others considering doing business with the debtor will know the debtor's current financial condition. A prudent creditor, by conducting a search of the appropriate public records, would be able to ascertain the other filings against the debtor or debtor's property. Integra asserts that this is inapplicable when a debtor is in Chapter 11 because upon filing for bankruptcy protection a debtor is removed from the normal channels of commerce. A creditor then derives protection from the bankruptcy code instead of the public records.

Further, Integra asserts that liquidated damages are inappropriate in a bankruptcy context because a Chapter 11 debtor cannot suffer the real harm that the statute was designed to prevent.

█ In determining whether the imposition of liquidated damages is appropriate, the court first looks to the language of the statute. 42 Pa.C.S.A. § 8104(a) applies to a judgment creditor who has received *satisfaction* of its judgment in a tribunal of the Commonwealth. Pursuant to 42 Pa.C.S.A. § 5522(b)(2), an action to establish a deficiency judgment must be commenced within six months following a sale of collateral pursuant to 42 Pa.C.S.A. § 8103.[2] A creditor's judgment may not be satisfied until such deficiency, if any, is determined. Although a creditor may choose not to seek a deficiency judgment, a creditor is provided with six months in which to make a determination. It is possible that the creditor has not received payment in full by the foreclosure and therefore the judgment need not be satisfied. After the six month period has passed there is an irrebuttable presumption that the cred-

itor received payment in full in kind. *First Nat'l. Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 527 A.2d 100, 103 (1987), *citing Valley Trust Co. of Palmyra, PA. v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608 (1985).

In the present case, Integra obtained its judgments in 1988. Approximately three months thereafter, prior to the expiration of the six month period, Smith filed her first bankruptcy petition. Integra could not execute on the properties as a result of the imposition of the stay. After the dismissal of Smith's second case, Integra filed praecipes for writs of execution and sheriff sales were conducted shortly thereafter.

However, approximately six weeks after the deeds were delivered, Smith filed her third petition. Integra was again prevented from proceeding. The six month period for seeking a deficiency was cut short by the filing of the petition. Although the case was dismissed approximately two months after it was filed, Smith then appealed the dismissal. The appeal remained pending for several months. Upon the denial of Smith's request for stay pending appeal, approximately four months after her third petition was dismissed, Smith filed another petition.

█ Due to the various petitions and appeals which were filed, there was not a full six month period available to Integra in which it could seek a deficiency judgment. As previously stated, a creditor is entitled to such six month period and until such time has passed, the statute does not require that the judgment be satisfied.

█ The automatic stay remains in effect until a case is closed or dismissed, or a discharge is entered or denied. The automatic stay imposed by Smith's various bankruptcy filings prevented Integra from seeking a deficiency judgment without obtaining relief from stay. *Citizens Nat'l. Bank of*

---

1. Smith argues that she is entitled to these amounts in her Reply Brief to Integra's Response Brief to her petition. These amounts differ from the original amounts requested in the petition which were $8,308.94 and $10,705.19 respectively.

2. 42 Pa.C.S.A. § 5522(b)(2) provides:

(b) Commencement of action required.—The following actions and proceedings must be commenced within six months:—
  (2) A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor under provisions of section 8103 (relating to deficiency judgments).

*Evans City v. Gold,* 439 Pa.Super. 254, 653 A.2d 1245, 1247 (1995) The Superior Court of Pennsylvania has held that a petition to fix fair market value is stayed under 11 U.S.C. § 362. Further, the court in *Citizens National Bank* has ruled that pursuant to 11 U.S.C. § 108(c)(2), the six month period provided in 42 Pa.C.S.A. § 8103 for bringing a deficiency action does not expire until thirty days after notice that the automatic stay is terminated. *Id.* at 1248. Section 108(c)(2) provides, in relevant part:

> ... if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201 or 1301 of this title, as the case may be, with respect to such claim.

Integra did not file a petition to fix the fair market value within six months of the sale. Failure to file would normally trigger a presumption of satisfaction. However, the bankruptcy filings of Smith prevented an uninterrupted six month period from passing. At the time of the request to have the judgments marked satisfied, the automatic stay was in place. Although Integra did not mark the judgments satisfied within thirty days, based upon this court's understanding of *Citizens National Bank,* the automatic stay tolled the time for seeking a deficiency judgment. Accordingly, Integra was not obligated to mark the judgments satisfied at the time of Smith's written request. No clear six month period as provided in 42 Pa.C.S.A. § 5522(b)(2) had passed.

The language of the statute provides that an action must be commenced within "six months". It does not specify how the six month period is to be calculated, i.e. whether the six months must comprise a specific number of days, etc. Accordingly, consideration is given to whether the six month period includes the collection of separate periods of time that accumulate to equal six months. Upon considering such an alternative, the following relevant dates are instructive:

| Date | Event | Days Available to Integra |
|---|---|---|
| 6/28/88 | Judgments Entered | |
| 9/30/88 | Case 88–2626 filed | |
| 12/13/89 | Case 88–2626 dismissed | |
| 8/30/90 | Case No. 90–22361 filed | |
| 6/9/93 | Case No. 90–22361 dismissed | |
| 6/24/93 | Praecipes for Writs of Execution filed | |
| 9/13/93 | Sheriff's sales conducted | |
| 10/22/93 | Sheriff's deeds delivered | |
| 12/6/93 | Case No. 93–024269 filed | 45 days |
| 2/14/94 | Case No. 93–024269 dismissed | |
| 2/25/94 | Appeal of dismissal of Case No. 93–024269 filed | 112 days (102 from appeal) less 30 |
| 6/6/94 | Request for stay pending appeal denied | days provided by § 108(c)(2) = |
| 6/6/94 | Case No. 94–21832 filed | 82 days |
| 8/18/94 | Requests to mark judgments satisfied made | |
| 11/1/94 | Praecipes to Satisfy Judgments filed | |

The days that passed after the deeds were delivered to Integra and prior to the filing of Case No. 93–024269 are clearly days in which Integra could have pursued a deficiency judgment as no bankruptcy case was pending.[3] It, therefore, would not have been a violation of any automatic stay. After the dismissal of Case No. 93–024269, approximately 112 days passed before the filing of the present case (approximately 102 from the filing of the appeal). However, as previously noted, an appeal of the dismissal of the prior case was pending during that period. There was *no stay pending appeal* and Integra could technically have sought a deficiency judgment during that period. However, any efforts to seek a deficiency judgment may have been stayed or voidable had the appeal been granted. Doubts as to the efficacy and

---

**3.** The Pennsylvania Superior Court has held that the six month period begins to run from the date that the creditor receives the deeds. *Fidelity Bank, N.A. v. Bourger,* 444 Pa.Super. 52, 663 A.2d 213 (1995).

legality of any such action would have existed regarding any judgment obtained during the pending appeal.

The imposition of a penalty upon Integra as requested by Smith for its failure to act would be inequitable in light of Smith's numerous bankruptcy filings and related appeals. It is important to recognize that Smith was not without remedy. If the maintenance of the judgment on the public record posed a problem for Smith, a motion could have been filed before this court during the course of her bankruptcy seeking to have the judgments stricken on the basis that they were satisfied. Accordingly, Smith was not without relief.

### Conclusion

There was no uninterrupted six month period in which Integra could have filed for a deficiency judgment as provided in 42 Pa. C.S.A. § 8103. This court is inclined to believe that the six month period is to be an uninterrupted one. However, even if the six months is determined by separate available periods of time, there was no period of accumulated days that passed equivalent to six months plus the additional thirty days provided by Section 108(c)(2).

Accordingly, Integra was not required to satisfy its judgments pursuant to 42 Pa. C.S.A. § 8104. The application of the statute as requested by Smith is not appropriate in this instance. Therefore, on these facts, the damages imposed by the statute are inapplicable in this matter.

Because the court finds on this basis, it need not reach the issue raised by Integra concerning the policy of the statute and its exception for bankrupt debtors.

An appropriate order shall issue.