NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3379
_____

RIMAS PROPERTIES, LLC;
RIMAS PROPERTIES LP;
SAMIR BENAKMOUME,

                Appellants

v.

AMALGAMATED BANK, Individually and as Trustee of Longview Ultra 1
Construction Loan Investment Fund
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-09-cv-05779
District Judge: The Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 10, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed: November 14, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Rimas Properties, LP (Rimas), its general partner Rimas Properties, LLC, and Samir Benakmoume, an officer and manager of Rimas Properties, appeal from an order entered by the United States District Court for the Eastern District of Pennsylvania granting Amalgamated Bank's motion for summary judgment.[1] For the reasons that follow, we will affirm.

On September 2, 2005, Rimas borrowed $33 million from Amalgamated and granted to Amalgamated, *inter alia*, a Mortgage secured by a single parcel of real estate situated at 1326 South Street in the City of Philadelphia, Pennsylvania. The Note evidencing the $33 million loan was guaranteed by Rimas Properties and Benakmoume. The Guaranty Agreement memorialized that the proceeds of the loan were "to be used for the construction of a six story condominium" at 1326-1352 South Street. In January of 2007, Rimas filed a Declaration of Condominium for the parcel securing the Mortgage, designating the condominium units as the "1352 Lofts Condominium." This had the legal effect of dividing the title for the single parcel of real estate in numerous condominium units.

Thereafter Rimas defaulted, and in June of 2009, Amalgamated filed a confession of judgment in the amount of $28,496,782.72. A Notice of Sheriff's

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1332. We have final order jurisdiction under 28 U.S.C. § 1291. Our review over an order granting a

Sale of Real Property advised that the real property to be sold was situated at 1326 - 1352 South Street, Philadelphia and was known as 1352 Lofts. Consistent with the fact that the single parcel securing the loan had been divided into condominium units, the Notice also listed for sale all of the units to which Rimas held title. Pursuant to the instructions of the Philadelphia Sheriff's office, Amalgamated prepared 23 writs of execution, each of which listed several of the condominium units for sale. On December 1, 2009, the Sheriff exposed the units in the writs of execution to sale successively. Except for one unit in one of the writs, there were no bids and Amalgamated purchased all of the units but that one.

Within days of the Sheriff's sale, Rimas, Rimas Properties, and Benakmoume (hereafter Rimas collectively) filed suit in federal district court against Amalgamated seeking, *inter alia*, a declaratory judgment that Amalgamated had violated Pennsylvania's Deficiency Judgment Act, 42 Pa. Cons. Stat. §8103, and therefore "all indebtedness represented by the original Judgment ha[d] been discharged and released." On March 8, 2010, during the pendency of Rimas's federal action, Philadelphia's Sheriff deeded the units that were sold to Amalgamated. In May of 2010, Amalgamated filed a petition for deficiency judgment in the Philadelphia Court of Common Pleas to fix the fair market value

motion for summary judgment is plenary. *In re Stone & Webster, Inc.*, 558 F.3d

of the units acquired at the Sheriff's sale.[2] Thereafter, Rimas moved for partial summary judgment, and Amalgamated filed a cross-motion for summary judgment. The District Court granted Amalgamated's motion. This timely appeal followed.

Rimas contends that the District Court erred by holding that the successive sale of the condominium units listed in the 23 writs of execution on the same day did not violate the mandates of Pennsylvania's Deficiency Judgment Act. 42 Pa. Cons. Stat. § 8103(a). After consideration of the arguments of the parties and in light of the record before us, we conclude that the District Court did not err.

Rimas argues that the Act required Amalgamated to petition the court to fix the fair market value after the first writ of execution. Only then, according to Rimas, could Amalgamated proceed to execute on the units in the second writ of execution. This same time-consuming practice had to be employed before the real property in each of the remaining 21 writs of execution could be offered for sale by the Sheriff. We are not persuaded.

In our view, Rimas fails to acknowledge that the Mortgage was secured by a

234, 240 (3d Cir. 2009).

4

*single* parcel of real property, that Rimas received notice that all of its interest in what had been this single parcel of real property was to be sold at the Sheriff's sale, and that Rimas's interest in this real property was sold on the same day in the only form it could be sold, condominium units. We agree with the District Court that the authority on which Rimas relies is distinguishable, both for the foregoing reasons, and because there was no intervening span of years or months before the judgment creditor proceeded to execute on the other real property secured by the mortgage.[3]

We will affirm the judgment of the District Court.

---

[2] Pennsylvania's Deficiency Judgment Act requires that the judgment creditor petition the court within six months from the date the sheriff's deed is executed. *Valley Trust Co. of Palmyra v. Lapitsky*, 488 A.2d 608, 611 (Pa. Super. Ct. 1985); *see also* 42 Pa. Cons. Stat. § 5522(b)(2) (establishing six month statute of limitations).

[3] Rimas also argues that the District Court erred by failing to address Rimas's contention that Amalgamated's subsequent efforts to collect on its judgment violated the Act. Because Rimas fails to provide legal authority in support of this argument, we deem the issue waived. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).