## Barnes *v.* Pickett Hardware Company, Limited, Appellant.

*Statute of limitations—Promissory notes—Payment on account—Payment of lien.*

A partial payment stops the running of the statute of limitations, because it is an acknowledgement of the debt as an existing obligation, from which the law necessarily implies a promise to pay. Any incident of the payment which rebuts the acknowledgement or the implication of a promise to pay the rest of the debt will prevent its operation as a bar.

A provision in a promissory note given for a balance of purchase money, that it should be due in six months, if certain liens on the property were then removed and if not then "as and when" they should be removed, does not enlarge the statute of limitations. It begins to run at the end of the six months, and the disability to sue until the liens are removed is not a privilege of the payee to delay its running, but an obligation precedent to suit by him, a disability of his own making, removable at any time by his own act.

Where a promissory note given for a balance of purchase money of real estate, is made payable in six months provided that certain liens " are then paid or removed, and if not then so removed, payment is to be made as and when they are removed," and none of the liens are removed within six years from the date when the note became due, except one which the maker was compelled to pay under compulsion of suit, the note is barred by the statute of limitations. In such a case the payment of the one lien was a payment distinctly on a different debt, one not due to the payee or holder of the note, and not owing by the maker at all, but collectible from his property through the burden of a lien.

Argued May 7, 1901. Reargued May 5, 1902. Appeal, No. 129, Jan. T., 1902, by defendant, from judgment of C. P. Warren Co., Dec. T., 1899, No. 23, on verdict for plaintiff in case of Ada A. Barnes v. Pickett Hardware Company, Limited. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit on a promissory note. Before CRISWELL, P. J.

The facts are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for plaintiff for $7,000, upon which judgment was entered for $6,714.90, all in excess having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Boyce*, with him *Hinckley & Rice*, for appellant.— The payment on account of the lien was not a payment or account of the debt represented by the note, and such payment did not toll the running of the statute: Tippetts v. Heane, 1 C. M. & R. 252; Read v. Hurd, 7 Wendell (N. Y.), 408; Brown v. Latham, 58 N. H. 30; Arnold v. Downing, 11 Barb. (N. Y.) 554; Burr v. Burr, 26 Pa. 284; Yaw v. Kerr, 47 Pa. 335; Foringer v. Sisson, 14 Pa. Superior Ct. 270; Marshall v. Brick, 16 Pa. Superior Ct. 530; Macrum v. Marshall, 129 Pa. 506; Zacharias v. Zacharias, 23 Pa. 452; Rosencrance v. Johnson, 191 Pa. 520.

*D. I. Ball*, with him *Parmlee & Lindsey*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 13, 1902:

Appellant purchased from one Pickett certain real estate, subject to specified liens which appellant assumed, but to be cleared of other liens by the vendor. For the balance due appellant gave the note in suit, payable in six months, " Provided all liens not assumed in the purchase of the warehouse property from the said Pickett & Company are then paid, or removed, and if not then so removed, payment is to be made as and when they are removed." The six months having then expired, the note matured March 29, 1892, but suit was not brought until September, 1899. In the meantime in 1895, a judgment in favor of one Waters, which was a lien on the real estate purchased, was paid by the appellant, and the question is whether such payment tolled the bar of the statute of limitations.

The note was due by its terms in six months from its date, but the payee was disabled from exacting payment until certain liens were removed from the property. The duty of removing these liens was upon the payee. But he failed to do so and so

far as he is concerned the statute had run its full time before suit was brought. Prima facie, therefore, the suit, was too late.

A partial payment stops the running of the statute because it is an acknowledgment of the debt as an existing obligation, from which the law necessarily implies a promise to pay. Any incident of the payment which rebuts the acknowledgment or the implication of a promise to pay the rest of the debt will prevent its operation as a bar. Thus a payment claimed by the debtor at the time to be in full (Cronshore v. Knox, 10 Atl. Repr. 25; s. c., Pa. 1887) or a compulsory payment or payment by way of compromise, will be insufficient: 19 Am. & Eng. Ency. of Law (2d ed.), 325, tit. Limitation of Actions, XVIII, 3.

No quality of the payment is more strictly required than that it shall be upon the very debt sued for. In Burr v. Burr, 26 Pa. 284, the leading case on the subject in Pennsylvania, it was said, " The acknowledgment must not only be clear, distinct and unequivocal of the existence of a debt, but it must also be plainly referable to the very debt upon which the action is based." And in Barclay's Appeal, 64 Pa. 69, SHARSWOOD, J., said, " There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it . . . . but then it must plainly appear and not be matter of conjecture merely that the payment was made on account of the very debt which is in dispute." See further as to the strictness of the identification required, Landis v. Roth, 109 Pa. 621, and Rosencrance v. Johnson, 191 Pa. 520.

In the present case there is no question of identity of the debt, and no room for any inference of payment on this note, for the payment was distinctly on a different debt, a debt not due to the payee or holder of the note, but to Waters on his judgment, and not owing by appellant at all but collectible from its property through the burden of a lien. Suppose the statute had fully run upon the note before appellant paid the Waters judgment, it could not then be inferred that such payment was a new acknowledgment and promise to pay the note. On the contrary appellant would have had an action on the warranty in his deed against any incumbrance except those specified. Yet the inferences from the payment are no different by reason of the date when it was made. The admitted

facts affirmatively rebut any acknowledgment of this debt and any implication of a promise to pay. The payment was a distinct and separate act, wholly unconnected with this note, to a different party, on a different account, and for a different purpose. It lacks all the essential characteristics of such partial payment as stops the running of the statute.

The terms of the note that it should be due in six months if the liens were then removed and if not then "as and when" they should be removed, did not enlarge the statute of limitations. That began to run at the end of the six months, and the disability to sue until the liens were removed was not a privilege of the payee to delay its running, but an obligation precedent to suit by him, a disability of his own making, removable at any time by his own act. In Steele's Admr. v. Steele, 25 Pa. 154, it was held that a party cannot arrest the running of the statute of limitations by his own negligence, or by any arrangement for his own convenience. And in Waterman v. Brown, 31 Pa. 161, it was said, "The plaintiff had a right of action as soon as the debt was due, for then he might have paid the debt and demanded the stock, and the limitation of the statute is not usually to be extended by the negligence of the party who claims to be excused from it." If the payee in the present case had paid the Waters judgment himself as it was incumbent on him to do, it would not have stopped the running of the statute, and the payment by the appellant under the compulsion of the lien should have no greater effect.

The verdict should have been directed for defendant.

Judgment reversed.