680 A.2d 1181

**HANOVER PLUMBING SUPPLY, INC., Appellee,**

**v.**

**Lynn RUSSELL and Vicki Russell, Appellants.**

Superior Court of Pennsylvania.

Argued June 12, 1996.

Filed Aug. 7, 1996.

Judith K. Morris, Hanover, for appellants.

John M. Crabbs, Hanover, for appellee.

Before TAMILIA, JOHNSON and MONTEMURO,* JJ.

MONTEMURO, Judge.*

This is an appeal from the Order of the Court of Common Pleas of York County denying Appellants' request for liquidated damages under 42 Pa.C.S. § 8104.

Appellant Lynn Russell (Mr. Russell), doing business as Russell Mechanical Contractors (Russell Mechanical), opened

* Retired Justice assigned to Superior Court.

a company account with Hanover Plumbing Supply (Hanover Plumbing) with a line of credit of $5,000.00. The account was to be used for purchases of equipment and supplies for Russell Mechanical. Over time, the account accumulated arrearages of over $40,000.00. On June 16, 1993, Hanover Plumbing obtained a judgment against Mr. Russell and his wife, Appellant Vicki Russell (Mrs. Russell), in the amount of $42,984.08.

In September of 1993, the Russells went to the Bank of Hanover and Trust Co. (Bank), seeking a loan to pay off the judgment entered against them. As a condition of the loan, the Bank required Hanover Plumbing to guaranty the loan. Hanover Plumbing agreed, and by letter dated September 21, 1993, Hanover Plumbing notified the Russells that receipt of $44,239.73 would constitute payment in full and that they would issue a credit on the Russells' company account in the amount of $1,941.78, against which Russell Mechanical could charge future purchases. On September 22, 1993, the Russells signed a promissory note and a mortgage for $44,239.73, and the Bank issued a check payable to the Russells and Hanover Plumbing jointly. The Russells endorsed the Bank's check, and $44,239.73 in cash was given to Hanover Plumbing, who then issued a credit to the Russell Mechanical account.

At this point, the Russells were under the assumption that the judgment against them was satisfied and that Hanover Plumbing was going to remove the judgment from the docket. Hanover Plumbing, on the other hand, was under the assumption that the judgment was not satisfied, as it was required to guaranty the loan used to pay the balance on the account.

It was not until March of 1995 that the Russells discovered that the judgment had not been removed. On March 16, 1995, they forwarded a written request for satisfaction to Hanover Plumbing. No additional money was tendered with this letter.

On May 15, 1995, the Russells filed a petition for liquidated damages against Hanover Plumbing for failure to enter satisfaction. The judgment was eventually marked satisfied on July 7, 1995, without any additional payment by the Russells. A hearing on the liquidated damages petition was held on July

24, 1995. In an Order dated July 31, 1995, the court found that Hanover Plumbing's contingent liability on the loan from the Bank did not relieve it of its responsibility to enter the satisfaction of judgment. It also found that the Russells had not triggered the statutory remedy for liquidated damages, as they failed to tender the fee for the entry of satisfaction with their written request for satisfaction. This appeal followed.

█ Section 8104 of Title 42 is a punitive statute aimed at encouraging the timely removal of satisfied judgments from the court dockets. It provides:

§ 8104. Duty of judgment creditor to enter satisfaction

(a) General rule.—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) Liquidated damages.—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less that $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

42 Pa.C.S. § 8104.

█ The entitlement to liquidated damages is dependent upon the receipt of satisfaction by the judgment creditor. *First Nat'l Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 95, 527 A.2d 100, 104 (1987) (citing *Busy Beaver Building Ctr., Inc. v. Tueche*, 295 Pa.Super. 504, 442 A.2d 252 (1981)). Satisfaction requires payment in full of the underlying debt. *Id.* Therefore, we must determine whether receipt of the

proceeds of the loan from the Bank was payment in full, despite Hanover Plumbing's part as guarantor of that loan.

As previously mentioned, the Russells sought to satisfy the judgment against them by obtaining a loan in the amount of $44,239.73. However, before approving the loan, the Bank required Hanover Plumbing to guaranty the loan. Hanover Plumbing was not forced to co-sign this loan, rather it had the choice of guarantying the loan and receiving the cash immediately or maintaining its current position with hopes that the Russells would secure the cash by some other means.

■ Hence, we find that Hanover Plumbing's decision to act as guarantor does not alter the effect of the receipt of $44,239.73 in cash, an amount in excess of the original judgment for $42,984.08. Receipt of cash sufficient to cover the full value of the judgment is payment in full. As for the guaranty, we find that Hanover Plumbing voluntarily assumed the position as a guarantor of a loan secured by a mortgage. Should the Russells default on this loan and Hanover Plumbing be called to fulfill its obligation, Hanover Plumbing will step into the shoes of the Bank and will have the right to seek a judgment against the Russells. Therefore, we find that the trial court did not err in finding the judgment satisfied.

Based on this determination, we must now decide whether the Russells are entitled to liquidated damages for Hanover Plumbing's delay in entering the satisfaction of judgment. As previously noted, in order to have triggered the statute for liquidated damages, the Russells must have submitted a written request for satisfaction to the judgment creditor and must have tendered the fee for the entry of the satisfaction. There is no question that the Russells made a proper written request to Hanover Plumbing. The issue is whether they properly tendered monies to cover the filing fee.

Hanover Plumbing argues, and the trial court agreed, that the Russells failed to tender the fee, as they did not include payment with their written request. The Russells, however, argue that Hanover Plumbing received excess monies in September of 1993, and that Hanover Plumbing should have

deducted any necessary filing fee from this amount. They further argue that the failure to do so results in the waiver of this defense.

■ While we acknowledge the fact that Hanover Plumbing received cash in excess of the original judgment which it could have used toward payment of the filing fee,[1] mere possession of these funds was insufficient to satisfy the requirement that the Russells tender the filing fee for the entry of satisfaction of judgment. Although the statute does not require the filing fee to be tendered simultaneously with the request for satisfaction, we believe that it must be clear that the fee was actually tendered. Therefore, the Russells needed to enclose payment with their written request for satisfaction or, at least, to direct Hanover Plumbing to deduct any fee from the excess funds it received.

Accordingly, the Order of the trial court is affirmed.

1. A review of the record reveals that the original judgment was for $42,984.08 and that Hanover Plumbing received $44,239.73. At the very least, it received an excess of $1,255.65. More notably, Hanover Plumbing voluntarily waived three months of service charges totalling $1,941.78 and credited the Russells' account for this amount. The Russells were then free to charge purchases against this account.