

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# Estate Ortlieb v. Hudson United Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2042

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Estate Ortlieb v. Hudson United Bank" (2005). *2005 Decisions.* Paper 1411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 04-2042 and 04-2261

———————

*THE ESTATE OF HENRY A. ORTLIEB,

Appellant in No. 04-2042

v.

HUDSON UNITED BANK,
SUCCESSOR TO JEFFERSON BANK;
JEFFERSON BANK

———————

*THE ESTATE OF HENRY A. ORTLIEB

v.

HUDSON UNITED BANK,
SUCCESSOR TO JEFFERSON BANK;
JEFFERSON BANK

Hudson United Bank,

Appellant in No. 04-2261

*Amended pursuant to the Clerk's Order dated 11/24/04

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 03-04210)
Honorable Marvin Katz, District Judge

———————

BEFORE:  SCIRICA, <u>Chief</u> <u>Judge</u>, and ROTH and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: March 30, 2005)

———————

OPINION OF THE COURT

———————

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this court on appeals pursuant to 28 U.S.C. § 1291 in this diversity of citizenship action under 28 U.S.C. § 1332 brought by decedent Henry Ortlieb against Jefferson Bank and Hudson United Bank, its successor, together called the "Bank," by reason of the Bank's failure to mark satisfied certain mortgages that Ortlieb granted the Bank on property in Pennsylvania and on property in New Jersey.  It is undisputed that Ortlieb paid the debt the mortgages secured in full and was entitled to have them marked satisfied as he originally requested in 2000.  He brought this action with respect to the Pennsylvania property under the Pennsylvania mortgage satisfaction statute, Pa. Stat. Ann. tit. 21, §§ 681-82 (West 2001), and with respect to the New Jersey property under that state's common law for slander of title.  The Bank counterclaimed for attorney's fees on the basis of loan documents Ortlieb had signed which included a provision for it to recover its attorney's fees from him in certain circumstances.

After the issue was joined the parties brought cross-motions for summary judgment.  The district court held in a memorandum opinion dated April 5, 2004, that

2

judicial estoppel predicated on Ortlieb's failure to disclose the claims against the Bank in his bankruptcy proceedings and the statutes of limitations in Pennsylvania and New Jersey barred his claims. The court entered an order on April 5, 2004, in accordance with the memorandum opinion.

Subsequently, the Bank moved for attorney's fees but the district court denied that motion and dismissed the counterclaim by an order dated April 9, 2004, entered April 12, 2004. Though the court did not issue an opinion accompanying the order, in the order it explained that the contracts for attorney's fees and costs "arise upon an action for mortgage foreclosure and certain other obligations, not the defense of the claims in this case. . . . The claims in this case do not involve the enforcement of lender's rights. Nor do the indemnification or other provisions or the statute quoted in the Motion apply."[1] App. at 685. Ortlieb appealed from the order of April 5, 2004, and the Bank filed a separate appeal from the order of April 12, 2004. Subsequently, Ortlieb died and his estate was substituted for him as a party. We adjudicate both appeals in this opinion exercising plenary review. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

After our review of this matter we are in substantial agreement with the district court on the statutes of limitations issue and will affirm on the estate's appeal on that

---

[1]The Bank does not rely on a statute for attorney's fees on this appeal.

basis.[2]  We do note, however, that the district court, when addressing Ortlieb's 2002 requests for satisfaction of the mortgages, indicated that the Bank "complied with each such request by rendering a satisfaction piece within the 45-day window provided by the Pennsylvania Mortgage Satisfaction statute.  [Ortlieb's] claims based on these requests fail as a matter of law."  Op. at 19-20.

In its brief the estate does not challenge this finding beyond indicating in its statement of facts that the Bank's "failure to respond to [a] request [in 2002 from a title insurance company employee for satisfactions of the mortgages] is the third statutory violation."  Appellant's br. at 5.  The estate, however, then does not go on to argue the point and, indeed, later in its brief states that:

> Moreover, the District Court held that the requests made in 2002, although complied with by the Bank, do not renew earlier claims based on requests in 2000 to satisfy.  We contend that the District Court, in so holding, has erroneously applied the [Pantuso Motors, Inc. v. Corestates Bank, N.A., 745 A.2d 614 (Pa. Super. Ct. 1999), rev'd on other grounds, 798 A.2d 1277 (Pa. 2002)] court's interpretation of 21 P.S. § 682.

Appellant's br. at 14.  We take this statement as eschewing a challenge to the district court's holding with respect to the Bank's 2002 compliance.

Finally, on the 2002 compliance point we observe that in its answering brief the Bank indicates that the estate "seems implicitly to be suggesting an alternative statute-of-limitations argument - namely, that the 2002 requests, even though admittedly complied

---

[2]We do not take a position on the judicial estoppel basis of the district court's opinion.

4

with by Hudson in a timely fashion, somehow had the effect, under Pantuso, of reviving the statute of limitations for the requests dating from the Fall of 2000." Appellee's br. at 32. In its reply brief the estate does not deny that it acknowledges that the Bank complied with the 2002 requests.

The 2002 proceedings are crucial for unless they revived a cause of action derived from the Bank's failure to comply with Ortlieb's 2000 requests for satisfactions this action cannot be timely because he brought it more than two years after the expiration of the 45-day period within which the Bank could comply in a timely way with Ortlieb's 2000 requests. We reach this conclusion because we do not believe that the Pennsylvania legislature could have intended that a mortgagor could breathe life into a claim that the statute of limitations otherwise barred by making a later request for a satisfaction if, as is the case here, the mortgagee properly complies with the request.

We recognize that Ortlieb made his 2002 requests for satisfaction within the two-year period within which he could have brought a timely action predicated on the Bank's noncompliance with his 2000 requests. Nevertheless under the estate's theory the circumstance that he brought this action within that period would not matter as, in its view, the Superior Court in Pantuso held that "the statute does not begin to run until the request for satisfaction has been met, that is, when satisfaction of a mortgage has been entered." Appellant's br. at 14. Under this theory a mortgagor could bring his action at any time until the mortgage has been satisfied.

The statute of limitations in this case is 42 Pa. Cons. Stat. Ann. § 5524(5) (West 2004) which provides that an "action upon a statute for a civil penalty or forfeiture" "must be commenced within two years." Surely the estate's theory that somehow the proper proceedings in 2002 made timely an otherwise barred claim, is inconsistent with the statute because he did not bring this action until more than two years following the wrongful conduct of which it complains.[3]

We also affirm on the Bank's appeal as we agree with the succinct reasons the district court set forth in its April 12, 2004 order denying attorney's fees and costs. We add only that there is no doubt but that the Bank acted wrongly in this case and is fortunate to be saved from significant liability by its statute of limitations defense. We cannot believe that the parties intended when executing the loan documents that in circumstances such as those here the Bank could recover its attorney's fees from Ortlieb in litigation it spawned by its wrongful conduct toward him.

The orders of April 5, 2004, and April 12, 2004, will be affirmed. The parties will bear their own costs on these appeals.

---

[3]While we do not think that we misread the Superior Court's opinion in Pantuso, if we do we nevertheless would reach the same result because even though we must consider that decision we are not bound by it. See 2-J Corp. v. Tice, 126 F.3d 539, 541 (3d Cir. 1997).