469 A.2d 244

**NATIONAL RECOVERY SYSTEMS, Appellant,**

v.

**Francis X. MONAGHAN.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1983.

Filed Dec. 16, 1983.

184

Melvin Rubin, Ardmore, for appellant.

Stewart A. Eisenberg, Philadelphia, for appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County striking the judgment entered in favor of the appellant, National Recovery Systems. Appellant brought an assumpsit action against the appellee, Francis X. Monaghan, to collect a $7,500 loan which the latter failed and refused to repay. The case was heard on its merits by an arbitration panel. After hearing, this panel found in favor of the appellant in the amount of $7,500 plus interest. On June 24, 1981, the Report and Award of the Arbitrators expressing the findings of the panel was docketed.

Pursuant to the Pennsylvania Rules of Civil Procedure, the appellee was entitled to an appeal of the arbitration award, and to a trial de novo before the Court of Common Pleas. Pa.R.C.P. 1308, 1311(a). In order to perfect such an appeal, a defendant must comply with the appropriate requirements and file the necessary documents not later than thirty days after the entry of the award on the docket. Pa.R.C.P. 1308(a). If no appeal is taken within thirty days after the docketing of the award, the award becomes final, and the Prothonotary shall enter judgment thereon. Pa.R. C.P. 1307(c).

It is undisputed that the appellee failed to comply fully with the technical requirements for perfecting an appeal of the arbitration award within the required thirty days. Pursuant to praecipe filed by plaintiff, the Prothonotary entered judgment on the award.

Subsequently, on August 28, 1981, appellee filed a Petition to Open or Strike Judgment with the Court of Common Pleas. This petition challenged the propriety of the Prothonotary's entry of judgment. In his petition, appellee alleged that he made several attempts to file an appeal of the arbitration award within the thirty day period, but because of certain technical irregularities, the Prothonotary refused to accept the tendered appeal documents. The appellee requests that the Court overlook the minor imperfections,[1] strike or open the judgment, and allow the appeal of the award to proceed. Appellee's averments concerning efforts to file were denied by appellant in its answer to the petition. Thus, the assertion that appeal papers were ever tendered to the Prothonotary is now a fact in dispute.

The matter was assigned to Judge Guarino for disposition. After reviewing the matter, and in consideration of Rule 209 of the Pennsylvania Rules of Civil Procedure, Judge Guarino inquired whether appellee intended to take depositions to prove his allegations. On December 2, 1981, appellee's counsel advised the court that he would not take depositions and asked the court to consider the matter on Petition and Answer. On March 16, 1982 without requiring further proceedings pursuant to Rule 209, Judge Guarino ruled in favor of appellee, and ordered the judgment stricken. In his Opinion below, Judge Guarino ruled that the appeal documents were in fact tendered, and that they should be considered to have been timely filed notwithstanding the minor imperfections. Judge Guarino considered the Prothonotary's refusal to accept the papers to be an on the record defect. Because Judge Guarino opted to strike judgment, he did not address the question of whether judgment should be opened. This appeal followed.

The critical issue raised on appeal is whether Judge Guarino's striking of judgment was proper. We hold that it was not.

---

1. Appellee claims that his Certificate of Readiness was rejected twice by the Prothonotary. Once, defendant failed to include a stamped, self-addressed envelope. The second time, his papers did not properly indicate that he was requesting a trial de novo.

It is well settled that a motion to strike judgment will not be granted unless a fatal defect appears on the record. *Parliament Industries v. William H. Vaughan & Co.*, 501 Pa. 1, 459 A.2d 720 (1983); *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Academy House Council v. Phillips*, 312 Pa.Super. 364, 458 A.2d 1002 (1983). Conceptually, a motion to strike judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken. *James v. Reese*, 250 Pa.Super. 1, 378 A.2d 422 (1977); *Pattinato v. Moody*, 248 Pa.Super. 32, 374 A.2d 1302 (1977).

Instantly, we reject Judge Guarino's finding that the Prothonotary's refusal to accept appellee's appeal papers was an on the record defect. Appellee's claim that he attempted to file appeal papers finds no support in the record as it existed when judgment was entered. At the time of the entry of judgment the record only reflected the docketing of a valid arbitration award. There was no indication that an appeal of the award had been taken or attempted within the thirty day period. This matter is only brought to the attention of the court in appellee's post-judgment Petition to Strike or Open Judgment; otherwise it would have remained inapparent. Thus, the issue of rebuffed appeal efforts, now a point in controversy, finds its premise outside the record, and its sole support through extrinsic evidence. Accordingly, and as we find that the record at the time of judgment was regular and self-sustaining, we hold that judgment was improperly stricken. Order reversed.

Our review does not end here, however. Although we find that the record is without defects on its face and therefore the motion to strike is inappropriate, the issue of appellee's motion to open remains unsettled. Moreover, it appears that a motion to open judgment is the proper procedure with which to dispose of appellee's claim. Assuming arguendo, appellee did in fact tender appeal documents, there is no dispute that such papers were technically deficient. The issue is not, as Judge Guarino suggests,

whether completed appeal papers were timely filed. Clearly they were not. Rather, the question at hand is whether a satisfactory explanation exists to excuse the failure to file promptly, and to allow an appeal to proceed.

Whereas a motion to strike is directed to defects on the face of the record, a motion to open addresses itself to irregularities predicated on matters outside the record. *Bottero v. Great Atlantic & Pacific Tea Co.*, 316 Pa.Super. 62, 462 A.2d 793 (1983); *Kophazy v. Kophazy*, 279 Pa.Super. 373, 421 A.2d 246 (1980); *Matlock v. Lipare*, 243 Pa.Super. 167, 364 A.2d 503 (1976). While review of a motion to strike is limited to consideration of the regularity of the record, a motion to open calls into play the court's equitable and discretionary powers. *Hutchings v. Trent*, 404 Pa.Super. 376, 450 A.2d 729 (1982); *Johnson v. Moore Motors, Inc.*, 285 Pa.Super. 237, 427 A.2d 200 (1981).

As we noted above, appellee's challenge to the entry of judgment is predicated on matters outside the record. His principal claim is that his failure to file a timely appeal of the arbitration award is excusable, as caused in part by the Prothonotary's refusal to accept the necessary papers. Appellee argues that the Prothonotary should have accepted the appeal documents even though they were not in strict compliance with the rules for arbitration appeals. This contention is premised on the postulation that minor deviations from the established rules should not prevent access to appeal. Since the court must weigh the equitable considerations attendant to appellee's explanation for default, this matter is proper subject for a motion to open.[2]

---

2. We do not accept appellant's contention that Judge Guarino is precluded by law from allowing appellee to proceed with his appeal. The cases cited by appellant concern petitions for appeal nunc pro tunc from valid judgments. Instantly, appellee attacks the propriety of the entry of judgment; appellee seeks to open judgment and then to be allowed to proceed with his appeal. The distinction is significant. *See,* 12 Standard Pa. Practice 2d § 71:39; 20 P.L.E. § 216.

Because Judge Guarino did not address appellee's motion to open judgment, we remand for such consideration.[3]

In evaluating the merit of appellee's explanation for default, the lower court must first determine the truth of the allegations supporting appellee's claim. As the material allegations contained in the petition are denied by appellant in its Answer, the appellee bears the burden of proving his asserted facts. *Triffin v. Thomas*, 316 Pa.Super. 273, 462 A.2d 1346 (1983); *Retzbach v. Berman*, 222 Pa.Super. 523, 294 A.2d 917 (1972). Therefore, the appellee must provide the court below with evidence to support his claim that appeal papers were tendered to the Prothonotary, but refused. The procedure for establishing the proof for a claim such as this is provided by Pennsylvania Rule of Civil Procedure 209.[4]

We do not agree with appellant's contention that Judge Guarino must accept all denials contained in the Answer as true. It would be premature for Judge Guarino to either find facts or accept denials without further proceedings

3. On remand, the petition to open judgment should be reviewed to determine whether three conditions have been met. To open a judgment in an assumpsit action, the petition must: (1) have been promptly filed; (2) provide satisfactory explanation for default; (3) set forth meritorious defense to underlying cause of action in specific and clear terms. *Sines v. Packer*, 316 Pa.Super. 500, 463 A.2d 475 (1983); *Commonwealth, Department of Transportation v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982).

4. Pa.R.Civ.P. 209 provides:
   If, after the filing and service of the answer, the moving party does not within fifteen days:
      (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
      (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule), the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

under Rule 209. The mechanism for fact-finding established by Rule 209 has not yet been set into motion.

Appellant is not incorrect in asserting that the averments set forth in its Answer must be accepted as true if the appellee proceeds without taking depositions. *Fourtees Co. v. Sterling Equipment Corp.*, 242 Pa.Super. 199, 363 A.2d 1229 (1976). However, appellee's failure to take depositions does not automatically trigger Rule 209 to operate as an admission of facts in the Answer. *Bell v. Jefferson Republican Club*, 304 Pa.Super. 157, 450 A.2d 149 (1982). Rather, "only when the petitioner himself orders the cause for argument on the pleadings or when the petitioner ignores a rule absolute to move for depositions can the factual averments of a responsive answer be taken as true against the petitioner." *Bell v. Jefferson Republican Club*, 304 Pa.Superior Ct. 161, 450 A.2d at 151. *Accord, Owens v. McCurdy*, 304 Pa.Super. 510, 450 A.2d 1028 (1982); *Hutchings v. Trent*, 304 Pa.Super. 376, 450 A.2d 729 (1982).

Instantly, while appellee has not taken depositions or set the matter for argument, appellant has not served a rule on appellee to show cause why he should not so proceed. Until such rule is served and made absolute, the denials in appellant's Answer cannot be assumed true.

Furthermore, because appellee has not taken depositions, Judge Guarino will only have before him contradictory pleadings. The Petition and Answer standing alone do not provide sufficient basis upon which to decide appellee's motion to open. *See, Triffin v. Thomas*, 316 Pa.Super. 273, 462 A.2d 1346 (1983); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979). Presently, there is insufficient evidence from which a determination of the disputed facts can be made.

Accordingly, we reverse the Order of the court below granting appellee's motion to strike, and remand for consideration of appellee's motion to open following further proceedings pursuant to Rule 209. Jurisdiction is relinquished.