HERTZBERG, J.,
This opinion supports my order issued on February 20, 2015, denying appellant Patrick Bane’s (“defendant”) petition to strike and/or open judgment by confession, which has been appealed to the Superior Court of Pennsylvania.
In 2008, defendant was the president of Comtel Communications, Inc. In December of 2008 Comtel Communications filed for protection under Chapter 7 of the United States Bankruptcy Code. In November of 2009 an engagement agreement was entered into by defendant and Alpem Rosenthal (“plaintiff’), out of which this case arises. In the engagement agreement, plaintiff agreed to provide litigation support to Comtel, in the Comtel v. Cello Partnership d/b/a Verizon Wireless litigation, in exchange for an hourly fee. All disputes arising in connection with the engagement agreement would be submitted to arbitration in accordance with the rules of the American Arbitration Association, and “[jjudgment on any award rendered in favor of any party shall be final and binding and may be entered in any court having jurisdiction thereof from which there shall be no appeal.” On June 8, 2010 Francis C. Rapp, Esq. and Fred E. Baxter, Esq. were employed by Comtel’s Bankruptcy trustee as special counsel to seek money potentially owed to Comtel by Cello Partnership d/b/a Verizon Wireless.
Plaintiff began performing work for defendant in November of 2009, plaintiff continued to perform work for defendant and invoice defendant, which defendant paid in part, until December of 2011. Finally, on December 30, 2011 plaintiff terminated its services for nonpayment. The dispute was submitted to arbitration in January of 2013. On April 19, 2013, the parties entered into a consent award and stipulation, signed by defendant, which was *318 executed by the arbitrator on April 25, 2013. The consent award provided that judgment may be entered against defendant in the amount of $44,085.37 provided that plaintiff forbears from executing upon the judgment for ninety days after the date of the agreement.
On June 12, 2013 plaintiff initiated this case by filing a petition to confirm consent award and enter judgment, which was heard unopposed by the honorable Judith Freidman and on July 17, 2013 judgment was entered against defendant in the amount of $44,085.37. In Januaiy of 2014 and again in November of 2014, plaintiff served discovery in aid of execution on the judgment. Defendant failed to respond to any of these actions by plaintiff. Finally, on February 13, 2015 defendant presented a petition to strike and/or open judgment by confession, which I denied.[1] On March 3,2015 defendant filed a notice of appeal, and on March 23, 2015 filed a timely concise statement of errors complained of on appeal (“concise statement”). In defendant’s concise statement, he alleges that I erred in two ways, which I will address below.
Defendant first alleges that I erred by denying his petition to strike and/or open judgment by confession on the pleadings. Defendant’s characterization of the judgment entered in plaintiff’s favor as a “confessed judgment” is incorrect. The instrument serving as the basis must have a clear warrant of attorney to enter confessed judgment. See Crum v. F.L. Shaffer Co., 693 A.2d 984 (Pa. Super. 1997). The judgment was based on a stipulation reached at arbitration, which was signed personally by defendant as an individual. The stipulation did not contain a warrant of *319 attorney necessary to confess judgment. Instead, the basis of the judgment is rooted in Pennsylvania Law Governing Common Law Arbitration. 42 Pa.C.S. §7342(b) provides that when an arbitration award is entered, and upon application of a party, “...the court shall enter an order confirming the award and shall enter a judgment....” Therefore, though defendant attempted to style his petition as one to open/strike a confessed judgment, I did not look to confession of judgment law to evaluate defendant’s argument.
“It is well settled that a motion to strike judgment will not be granted unless a fatal defect appears on the record.” National Recovery Systems v. Monaghan, 322 Pa. Super. 183, 188, 469 A.2d 244 (1983). “Conceptually, a motion to strike judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken.” Id. at 188. The record in this case contains a stipulation to an arbitration award signed by defendant and a judgment confirming the award. The face of the record supports upholding the judgment and I committed no error by denying defendant’s petition to strike judgment.[2]
Whether I erred by denying the petition to open judgment is determined by the authority for entry of the judgment on the arbitration award, which is 42 Pa.C.S. §7342(b). This provision in the Pennsylvania Judicial Code directs the entry of a judgment when a party files a petition to confirm the award “more than 30 days after an *320 award is made by an arbitrator....” Pennsylvania’s Superior Court has consistenly interpreted this provision to mean that a party’s failure to challenge the arbitration award in the Court of Common Pleas within 30 days forever waives any errors in the arbitration process. See, U.S. Claims, Inc. v. Dougherty, 2006 Pa. Super. 337, 914 A.2d 874 and Sage v. Greenspan, 765 A.2d 1139 (Pa. Super. 2000). Thus, even an individual who did not attend an American Arbitration Association hearing was held to have waived all errors in the arbitration process because he did not challenge the award until two months later. U.S. Claims, Inc. v. Dougherty, supra. Since the arbitrator’s award against defendant is dated April 25, 2013 and defendant’s first challenge is the petition to strike and/or open judgment by confession served on January 30, 2015, defendant waived all errors in the arbitration process. Defendant therefore is not entitled to open the judgment on the award, and my decision to deny the petition to open is correct.
Defendant’s second allegation is that I erred by denying his petition to strike and/or open judgment by confession without issuing a rule to show cause and/or without permitting defendant to engage in discovery. A rule to show cause will only be issued if a petitioner states prima facie grounds for relief. Pa.R.C.P. 2959(3)(b). As described above,! do not find that a confessed judgment was entered against defendant. Certainly then, defendant has not produced a prima facie case to support striking or opening the judgment, therefore, I did not err by failing to issue a rule to show cause or failing to permit defendant to engage in discovery.

. Neither the petition nor the answer, both of which I considered, were docketed until I directed copies of them to be docketed and filed by order dated May 13, 2015.

. While defendant claims in the petition to strike that it is attorneys Rapp and Baxter who agreed to pay plaintiff’s fees, the engagement agreement instead states that “both Comtel Communications, Inc. and Patrick Bane will be responsible for the payment of all invoices for professional services rendered by this firm in connection with this matter and such will not be the responsibility of legal counsel.”