J-A16036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| CINDY FOX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD ANDREWS, JR. AND | : | |
| GEORGIA ANDREWS | : | |
| | : | No. 1115 MDA 2022 |
| Appellant | : | |

Appeal from the Order Entered July 18, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-001266

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED AUGUST 28, 2023**

Ronald Andrews, Jr., and Georgia Andrews (Appellants) appeal from the order entered in the York County Court of Common Pleas that denied their petition to open a default judgment that was entered against them and in favor of Cindy Fox (Landlord) in this landlord/tenant dispute. Landlord was awarded a default judgment in the amount of $2501.18 for unpaid rent, late fees, and court costs, as well as possession of a residential property on East Middle Street in Hanover, Pennsylvania. On appeal, Appellants argue the trial court erred when it did not grant their petition to open judgment after the York County Prothonotary's Office erroneously rejected their timely filed answer. We reverse the order and remand this matter for further proceedings.

The procedural history of this case is as follows.[1]  Landlord filed a suit against Appellants alleging that on March 15, 2022, Appellants, the tenants, entered into a written lease agreement with Landlord to rent a home on East Middle Street in Hanover, Pennsylvania.  Landlord's *Pro Se* Complaint, 6/2/22, at 1 (unpaginated).  The lease provided Appellants were to pay Landlord rent in the amount of $995.00 per month by the first day of each month, and if the rent was late — an additional $50.00 fee.  *Id.* at 1-2.  Landlord averred Appellants only paid her $795.00 for their April rent, which caused Landlord to post a "Notice to Pay or Quit" to the door of the property.  *Id.* at 2.  Landlord further alleged Appellants failed to pay all rent for the months of May and June, resulting in Landlord posting a notice of eviction to the property on May 2nd.  *Id.*  Landlord maintained that despite receiving the notices and "promis[ing] via email" to pay the amount due, Appellants "refused [to pay or] vacate the property[.]"  *Id.*

Landlord stated that following both notices, she filed a complaint in magisterial district court on May 3, 2022.[2]  Landlord's *Pro Se* Complaint at 2. The magisterial court entered a judgment against Appellants in the amount of $1406.18 for rent in arrears and court fees.  *See id.*; *see also* Appellants'

---

[1] We glean the pertinent facts of the case as presented in Landlord's complaint and Appellants' answer.

[2] *See* Magistrate District Docket No. MDJ-19103-LT-0000058-2022, 5/17/22; *see also* Landlord's *Pro Se* Complaint at Ex. 5.

*Pro Se* Answer with New Matter and Counterclaims (Appellants' Answer), 7/8/22, Ex. 1, at 1.

On June 2, 2022, Landlord then filed her *pro se* complaint with the York County Court of Common Pleas, requesting judgment against Appellants "in the amount of $[2501.18[3]], plus cost of suit including attorney['s] fees, additional accrued rent, late charges and expenses[,]" and for possession of the East Middle Street property.  ***Id.*** at 3.

On June 23, 2022, with no responsive pleading or preliminary objections from Appellants, Landlord filed a notice of default pursuant to Pa.R.C.P. 237.1(a)(2).  ***See*** Landlord's Amended Important Notice Pursuant to Pa.R.C.P. 237.1(a)(2), 6/23/22.  The notice informed Appellants they had ten days — or until July 5th — to respond to the complaint or judgment would be entered against them.[4]  ***Id.***

---

[3] Landlord refers to the two judgment amounts in her June 2, 2022, complaint — $2501.18 and $1456.18.  We use the amount of $2501.18 based on the breakdown of monies owed provided in Landlord's complaint and the award granted by the trial court.  ***See*** Landlord's *Pro Se* Complaint at 3; Praecipe for Judgment, 7/8/22.  This amount included: (1) the remainder of unpaid rent and late fee for April 2022; (2) rent and late fees for May 2022 and June 2022; and (3) the magistrate court fees.  ***See*** Landlord's *Pro Se* Complaint at 2.

[4] The tenth day from the notice technically fell on Sunday, July 3, 2022. Monday, July 4th was a court holiday.  Thus, Appellants had until Tuesday, July 5th to file their response.  ***See*** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on Saturday, Sunday, or a on a legal holiday, such day shall be omitted from the computation).

On July 8, 2022, Landlord filed, and the Prothonotary's Office executed, a *praecipe* for judgment against Appellants' in the amount of $2501.18. **See** Praecipe for Judgment; Notice of Filing Judgment, 7/8/22.[5]

Meanwhile, also on July 8, 2022, but after the Prothonotary entered judgment against them, Appellants filed a *pro se* answer and new matter. **See** Appellants' Answer. Appellants denied certain fact averments in Landlord's complaint, alleging, *inter alia*: (1) the $795.00 paid for April 2022 rent was the agreed upon monthly amount; (2) they paid rent for May 2022 and June 2022, and related fees into an escrow account provided by the York County Prothonotary's Office; and (3) they received an email notification Landlord was filing for eviction on May 2, 2022, but notice was not posted on their door until May 3rd. **See** Appellants' Answer at 1-3. Appellants also set forth four affirmative defenses under the heading "New Matter[,]" but pled their supporting fact averments for these defenses under the heading "Counterclaims[.]" **see id.** at 4-7.

On July 16, 2022, Appellants filed a *pro se* petition to open default judgment, wherein they alleged, *inter alia*,: (1) they attempted to file their answer to Landlord's complaint on Sunday, July 3rd; (2) "that same day," their filing was rejected by the Prothonotary's Office due to formatting issues; (3) they were informed by the Prothonotary's Office that they would have 14

---

[5] On July 12, 2022, the York County Prothonotary also executed a Praecipe for Writ of Possession for the East Middle Street property. **See** Writ of Possession, 7/12/22.

days to correct and resubmit their filing; and (4) they set forth meritorious defenses to the suit brought against them. *See* Appellants' Petition to Open Default Judgment Pursuant to Pa.R.C.P. 237.3(b)(2), 7/16/22, at 2-3 (unpaginated).

Two days later, the trial court denied Appellants' petition. *See* Order, 7/18/22.

Appellants then filed a counseled motion for reconsideration,[6] arguing: (1) Appellants attempted to timely file an answer to Landlord's complaint; (2) Appellants attempted to refile the corrected document on July 8th; (3) the Prothonotary's Office did not have authority to reject Appellants' filing; (3) the Prothonotary should have dated the document as filed on July 3, 2022, when it accepted the filing on July 8th; and (4) Appellants pleaded meritorious defenses in their answer. *See* Appellants' Motion for Reconsideration of the Court's Order of July 18, 2022 Denying Defendant's Petition to Open Default Judgment Pursuant to Pa.R.C.P. 237(b)(2) (Appellants' Motion for Reconsideration), 7/29/22, at 2-3 (unpaginated).

On August 12, 2022, the trial court denied Appellants' motion for reconsideration. *See* Order, 8/12/22. The trial court observed that while the

_____

[6] After filing their motion for reconsideration, Appellants filed an application for emergency relief with this Court, requesting a stay of the July 18, 2022, default judgment and July 12th writ of possession. *See* Appellants' Application for Emergency Stay of Order Dated July 18, 2022 Pursuant to Appellate Procedure Rule 1732(b) (Appellants' Application for Emergency Relief), 8/11/22, at 1. This Court temporarily stayed the orders, and then after review, denied the application. *See* Order, 8/12/22; Order 8/19/22.

petition to open was timely filed, "there was no finding of a meritorious defense since [Appellants] failed to adequately plead the facts in their [a]nswer and [n]ew matter." *Id.* at 1 (unpaginated). Moreover, the court relied on Pa.R.C.P. 1030(a), which states "all affirmative defenses . . . shall be pleaded . . . under the heading 'New Matter.'" *Id.* at 2, *citing* Pa.R.C.P. 1030(a) (parties shall plead all affirmative defenses under New Matter and "may set forth as new matter any other material facts. . ."). The court found that Appellants

> asserted their defenses under the heading "New Matter," listing the four theories in their [a]nswer. However, [Appellants] failed to plead any facts under this section and instead pleaded these defenses under the heading "Counterclaims." [Appellants] failed to proffer language anywhere in their [a]nswer noting that the facts were going to be set forth in pleadings with reference to the "Counterclaims" section. As such, Rule 1030(a) renders their defense pleading insufficient to justify relief.

Order, 8/12/22, at 2 (unpaginated).

On August 15, 2022, Landlord filed a "Motion to Release Escrow Funds." Landlord's Motion to Release Escrow Funds, 8/15/22. She requested $1991.00, which Appellants previously paid into the escrow account. *See id.* The trial court granted this motion on August 18, 2022. *See* Order, 8/18/22. On August 29, 2022, Landlord confirmed receipt of a check from the Prothonotary's office in the amount of $1991.00. *See* Receipt Received, 8/29/22.

During this time, Appellants filed a timely counseled notice of appeal and complied with the court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[7]

Appellant raises the following for our review:

1. Whether the [t]rial [c]ourt erred as a matter of law when it failed to recognize that the default judgment entered by the Prothonotary was improper and then failed to open that judgment?

2. Whether the [t]rial [c]ourt erred as a matter of law when it failed to find that [Appellants] had sufficiently plead[ed] a claim for relief so as to open the default judgment that had been entered against them pursuant to Pa.R.C.P. 237.3?

Appellants' Brief at 4.

In their first argument, Appellants aver the trial court erred when it denied their petition to open the judgment because the Prothonotary entered it erroneously. Appellants' Brief at 4. Appellants contend it was "unlawful" for the Prothonotary's Office to reject their answer in response to Landlord's *pro se* complaint. Appellant's Brief at 12-13. They maintain this action violated Pennsylvania Rules of Civil Procedure 205.2 and 205.4(e)(2).[8] ***Id.***

_____

[7] Appellants filed their notice of appeal on August 10, 2022, before the trial court denied their motion for reconsideration.

[8] The Pennsylvania Rules of Civil Procedure, in relevant part, provide the following:

No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil

*(Footnote Continued Next Page)*

Further, Appellants allege that when the Prothonotary did accept their corrected filing on July 8th, it should have dated the document July 3rd — the date they first attempted to file the answer. *Id.* at 13-14. They contend that if the Prothonotary accepted the filing, as it was required, a default judgment would not be entered against them. *Id.* at 14. Appellants insist that the trial court had a "duty to correct" the error "by opening the default judgment[.]" *Id.*

When a party seeks relief from a default judgment, they may file a petition to strike and/or a petition to open.[9] ***Mother's Rest., Inc. v. Krystkiewicz***, 861 A.2d 327, 336 (Pa. Super. 2004) (citation omitted). Each of these avenues for relief provides distinct remedies:

> A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable. A petition to strike does not involve the discretion of the court. Instead, it operates as a demurrer to the record. A demurrer admits all well-

---

procedure or judicial administration, including local Rules 205.2(a) and 205.2(b).

Pa.R.C.P. 205.2.

> No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.

Pa.R.C.P. 205.4(e).

[9] "All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition." Pa.R.C.P. 206.1(b).

pleaded facts for the purpose of testing conclusions of law drawn from those facts. Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the record.

In contrast, a petition to open a judgment is an appeal to the equitable powers of the court. . . . Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense . . . . In making this determination, a court can consider facts not before it at the time the judgment was entered. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment.

*Id.* (citations omitted).

Pennsylvania Rule of Civil Procedure 237.3, which governs relief from a default judgment, provides, in pertinent part: "If a petition to open is filed within ten days after the entry of a default judgment on the docket, the court **shall** open the judgment if . . . the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2) (emphasis added). Thus, "under Rule 237.3(b), if the party against whom a default judgment is entered files a petition to open within [ten] days of such entry, and . . . states [a] meritorious defense, the trial court must open the judgment." **Attix v. Lehman** 925 A.2d 864, 867 (Pa. Super. 2007); **see also Boatin v. Miller**, 955 A.2d 424, 428-29 (Pa. Super. 2008) (petitioners satisfied requirements of Rule 237.3(b) when they filed their petition within 10 days of entry of default judgment and alleged a meritorious defense; trial court erred when it rejected petitioners'

- 9 -

filing due to non-compliance with local rules).  The rule "eliminates the common law requirement that the petitioner must show that the failure to file . . . was reasonably excus[ed]."  **See id.** at 866.

Furthermore, we note that when a prothonotary acts beyond the authority provided to it by law, it generally renders a default judgment void *ab initio*.  **See Mother's Rest., Inc.**, 861 A.2d at 337 (citation omitted). When a prothonotary acts beyond its jurisdiction, it "is a proper basis for striking a judgment[.]"  **Northern Forests II, Inc. v. Keta Realty Co.**, 130 A.3d 19, 28 (Pa. Super. 2015) (citation omitted).  This Court previously has explained that "while the prothonotary can inspect documents for compliance, and inform a party of any defect, the prothonotary must still accept the pleading."  **Mariano v. Rhodes**, 270 A.3d 521, 529 (Pa. Super. 2022).

> A prothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form specifically required by the Rules, but this power is limited.  [It] is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes. . . .  The prothonotary must accept papers and file them. . . .  [It] has no discretion in this matter nor does [it] act in a judicial capacity.

*Id.*

Here, the trial court determined Appellants improperly filed a petition to open, and as such, they waived this claim.  Trial Ct. Op. 9/14/22, at 3. Specifically, the court stated that due to the nature of their claim, the proper vehicle for relief was a petition to strike.  *Id.*  The court further explained:

- 10 -

Any defect on the record would require a motion to strike, and thus if [Landlord's] Praecipe for Default was improperly executed on July 8[, 2022,] due to [Appellants'] Answer being improperly rejected by the Prothonotary on July 3[rd, Appellants] did not properly respond under the Rules [of Civil Procedure] by filing only a petition to open. Because it was not properly raised before appeal, [Appellants] waived this argument.

*Id.*

The trial court also found, though, that the Prothonotary "had no such authority . . . to extend submission deadlines . . . without having first accepted the filing." Trial Ct. Op. at 4. It stated:

The prothonotary does not have the discretion to interpret or implement rules and statutes, nor act in any judicial capacity. [Appellants] were correct that here the Prothonotary should have docketed their Answer for July 3, 2022, regardless of any defect, while still allowing them to correct it. Notably, the power of the prothonotary to reject nonconforming documents "is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum."

Thus, regardless of [Appellants] claim[,] we do not understand why the Prothonotary executed [Landlord's] Praecipe for Judgment on July 8[, 2022,] during the 14-day timeframe they [gave to Appellants] to resubmit an amended answer. Unfortunately, such an error did not and still would not change our reasoning for [denying Appellants'] Petition to Open[,] since that denial was based on inadequate pleading under the Pennsylvania Rules of Civil Procedure. . . .

*Id.* (paragraph break added).

Though we agree with the trial court that the Prothonotary exceeded the scope of its authority when it rejected Appellants' filing, we disagree with its conclusion that Appellants improperly filed a petition to open. *See* Trial Ct. Op. at 2-4. We are guided by a prior opinion of this Court, ***National Recovery Systems v. Monaghan***, 469 A.2d 244 (Pa. Super. 1983). In

*National Recovery Systems*, a judgment was entered against the appellee when he failed to file an appeal of an arbitration award. *Id.* at 245. The appellee then filed a petition to open or strike challenging the propriety of the prothonotary's entry of the order, arguing he made "several attempts" to file an appeal, but the prothonotary rejected the documents due to "technical irregularities[.]" *Id.* The trial court ruled in favor of the appellee and struck the order, reasoning the prothonotary's "refusal to accept the papers [was] an on the record defect." *Id.* at 246.

On appeal, this Court concluded the trial court's order to strike the judgment was improper, as there was no support in the record that the prothonotary's refusal to accept the appellee's documents was an on-the-record defect. *National Recovery Systems*, 469 A.2d at 246. Specifically, the panel reasoned:

> At the time of the entry of judgment the record only reflected the docketing of a valid arbitration award. There was no indication that an appeal of the award had been taken or attempted within the thirty[-]day period. This matter is only brought to the attention of the court in [the] appellee's post-judgment Petition to Strike or Open Judgment; otherwise it would have remained inapparent. Thus, the issue of rebuffed appeal efforts, now a point in controversy, finds its premise outside the record, and its sole support through extrinsic evidence. . . .

*Id.* This Court then held that because "the record at the time of judgment was regular and self-sustaining, [the] judgment was improperly stricken[;]" this Court reversed the order, and remanded the matter for further proceedings. *Id.* at 246, 248. The Court determined that the proper

- 12 -

procedure under which to examine the appellee's claim was through a petition to open, which "addresses itself to irregularities predicated on matters outside the record" because "the court must weigh the equitable considerations attendant to [the] appellee's explanation for default[.]" *Id.* at 246-47 (citation omitted).

We conclude the posture of the present facts are substantially similar to those in *National Recovery Systems*. Here, Appellants allege the Prothonotary violated the rules of civil procedure when it did not accept their answer to Landlord's complaint. Appellants' Brief at 12-13. Additionally, the trial court acknowledges in its opinion that supporting evidence of Appellants' contention was not included in the certified record at the time default judgment was entered. *See* Trial Ct. Op. at 2 ("[W]e must also note the relevant procedural history alleged by [Appellants']. We use the word 'alleged' because these facts do not appear anywhere of record, as they are only discussed later in [Appellants'] Motion to Open Default and subsequent Motion for Reconsideration of our Denial."). Because Appellants were appealing to the court's equitable considerations and requested review of "irregularities predicated on matters outside the record[,]" we determine they properly filed a petition to open judgment and the court erred in its conclusions. *See National Recovery Systems*, 469 A.2d at 246-47.

In their second argument, Appellants allege the trial court erred when it denied their petition to open the default judgment on the merits. Appellants' Brief at 15. We reiterate that to succeed on a petition to open judgment

pursuant to Rule 237.3(b), a petitioner must: (1) file a petition to open within ten days of the entry of default judgment; and (2) state a meritorious defense in a proposed answer. *See* Pa.R.C.P. 237.3(b)(2).

Appellants maintain they filed their petition within ten days of the judgment and "adequately explained" why their answer was untimely filed. Appellants' Brief at 17. Moreover, they contend "the only issues before the [t]rial [c]ourt were whether the proposed Answer . . . pled a meritorious defense to Landlord's Complaint and if Landlord would be prejudiced" by relying on the default judgment. *Id.* Appellants insist they adequately pled four affirmative defenses in the "New Matter" section of their answer. *Id.* They acknowledge they did not plead supporting facts for those defenses in this section as required by Pa.R.C.P. 1030(a), but instead included the relevant facts in the "Counterclaims" section of their filing. *Id.* at 17-18; *see also* Pa.R.C.P. 1030(a). Appellants contend when the trial court denied their petition based on this error, it abused its discretion. *Id.* at 18. They maintain they substantially complied with Rule 1030(a), and thus, the court should have "liberally construed" their pleading pursuant to Pa.R.C.P. 126.[10] *Id.* at 20.

The trial court concluded that Appellants were not entitled to relief because they did not properly state meritorious defenses in their proposed

_____

[10] Rule 126 states that "[t]he rules [of civil procedure] shall be liberally construed to secure the just . . . determination of every action" and the court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

answer to Landlord's complaint. **See** Trial Ct. Op. at 5. As noted **supra**, it stated: (1) Appellants asserted defenses under "New Matter" of their Answer, but pleaded the supporting facts to these defenses under "Counterclaims;" (2) they failed to "proffer language anywhere in their Answer noting the facts" were set forth in the Counterclaims section; and (3) this violated Rule 1030(a), thus "render[ing] their defense pleading insufficient to justify relief." Order, 8/12/22, at 2 (unpaginated); **see also** Trial Ct. Op. at 5 (trial court stating it "adequately addressed" this issue in its August 12, 2022, order and relying upon that reasoning).

To the extent the trial court submits that Appellants' noncompliance with Rule 1030(a) warrants dismissal of their petition, we disagree. As Appellants point out, Rule 126 dictates, the procedural rules "shall be liberally construed to secure the just . . . determination of every action" and courts "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." **See** Pa.R.C.P. 126. Furthermore, we recognize courts may construe *pro se* filings liberally where they have substantially complied with the rules of procedure. **See Commonwealth v. Spuck** 86 A.3d 870, 874 (Pa. Super. 2014) (courts are inclined to view *pro se* filings more liberally, but still require them to "comply substantially with our rules of procedure") (citation omitted).

At the time Appellants filed their answer, they were proceeding *pro se* and pleaded the facts supporting their defenses under the "Counterclaims" section of their Answer, in violation of Rule 1030(a). After Appellants

- 15 -

petitioned to open the judgment, the trial court dismissed the petition based entirely on this misstep, stating they did not "proffer language" denoting the supporting facts were pleaded under this section of the document. *See* Order, 8/12/22, at 2 (unpaginated). The court did not address the second requirement of a petition to open judgment — whether Appellants "state[d] a meritorious defense." *See* Pa.R.C.P. 237.3(b)(2). We conclude the trial court improperly denied the petition to open based on this minor defect in Appellants' *pro se* answer. While this Court requires compliance with its procedural rules, we have determined that here, where Appellants were proceeding *pro se* and substantially complied with Rule 1030(a), the trial court should have "liberally construed" the rules of procedure and "disregard[ed]" this minor error. *See* Pa.R.C.P. 126; *Spuck* 86 A.3d at 874.

Upon our review, we conclude Appellants filed their petition to open within ten days of the entry of default judgment. *See* Pa.R.C.P. 237.3(b)(2). Accordingly, we remand this matter to the trial court to make findings on the record regarding whether Appellants submitted meritorious defenses in the appropriate filing.

Order vacated. Case remanded for further proceedings as deemed necessary by the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/28/2023</u>